### SMITH vs. WALKER, executor.

Certain land was sold at a sheriff's sale as the property of the defendant. He went into bankruptcy, and the bankrupt court in effect ratified the sale by authorizing the assignee to pass title to the purchaser upon his relinquishing all claims against the bankrupt, which was done. Subsequently he moved to set aside that judgment, but it was refused and the motion dismissed:

*Held*, that these judgments are conclusive on the subject of the title and fix it in the purchaser.

January 18, 1887.

Judgments. *Res Adjudicata.* Before Judge LUMPKIN. Henry Superior Court. April Term, 1886.

R. T. Smith filed his bill against A. W. Walker. The following are the material facts: In 1867, a *fi. fa.* in favor of one Mitchell was levied on 800 acres of land as the property of complainant, who interposed an affidavit of illegality to stop the sale. Walker proposed that if he would withdraw the affidavit and allow the property to go to sale, he (Walker) would buy it in and allow complainant to redeem it. The affidavit was accordingly withdrawn and Walker bid in the land, but subsequently asserted a right as owner thereof and refused to carry out

his agreement to permit a redemption. The complainant thereupon filed this bill to compel the performance of the contract and obtained two successive verdicts, but new trials were granted each time. In the meantime, however, he obtained possession of a portion of the land. While this litigation was pending, the complainant went into bankruptcy. The register held that the land was part of the assets of the bankrupt, and this ruling was affirmed by the district judge. Afterwards Walker, without notice to complainant or his creditors, obtained an order suspending the judgment of affirmance and setting the case for trial, and then entered into an agreement with Weems, the assignee of complainant, that the latter should convey the land to the former if he would relinquish all claims against the bankrupt's estate, and they obtained an order from the judge allowing the withdrawal of the case and the making of this settlement. The complainant, with consent of all his creditors (except Walker, whom he claimed had already been paid), obtained permission to withdraw from bankruptcy. He then filed his motion to set aside the judgment allowing the settlement between the assignee and Walker, but this motion was denied.

Walker filed a cross-bill against Smith to recover the part of the land of which Smith had obtained possession, and the case was tried on this, the original bill being, by agreement, treated as an answer.

Walker died, and his executor was made a party. The jury found for him; and the complainant filed a motion for a new trial, which was overruled, and he excepted.

GEO. W. BRYAN; J. T. SPENCE, for plaintiff in error.

A. M. SPEER; JOHN D. STEWART; JOHN I. HALL, for defendant.

JACKSON, Chief Justice.

This issue was tried on a cross-bill. That issue is, to whom did the tract of land in contention belong? The

jury found that it belonged to Walker, executor of his father, who had filed the cross-bill; and Smith, the respondent to that bill (the original bill having been used as answer by Smith), not being satisfied with the denial of a new trial by the court below, brings the case here for review.

The verdict and decree were demanded by the facts in writing and of record. At a sheriff's sale, the land in dispute was bought by the testator of the complainant in the cross-bill as the property of Smith. Smith went into bankruptcy, and the court there ratified the sheriff's sale, Judge Erskine presiding; and afterwards, on a motion by Smith to set aside that judgment of Judge Erskine, Judge McCay, then sitting in the United States Court, held with Judge Erskine and dismissed the motion to set aside the former judgment. This court cannot review and reverse these successive judgments of the court of the United States arising out of bankrupt procedures of which that court had jurisdiction; and its judgment concludes the litigation and fixes the title to this piece of property, and demands that the verdict and decree below stand. Whatever equities Smith may have had were disposed of when the Federal court settled the entire case by ratifying the sheriff's sale, in effect, by authorizing the assignee to pass the title to Walker on his relinquishing all claims against Smith, which was done. If the court did not have jurisdiction by service on Smith personally, the assignee was his representative, and this gave jurisdiction; and if this did not, Smith afterwards made a motion in that court to open and set aside the judgment giving the authority to the assignee to make title to Walker, and thus became personally bound by going into court himself on this very subject-matter. So it becomes unnecessary to consider any alleged errors on the trial, inasmuch as these facts control the case.

Judgment affirmed.