### In re OWINGS et al.

(District Court, W. D. Missouri, C. D. April 11, 1901.)

BANKRUPTCY—PROVABLE CLAIMS—RECOVERY OF PREFERENCE BY SUIT.

A creditor who has knowingly received a preference, voidable under Bankr. Act 1898, § 60b, which the trustee is compelled to recover by suit, cannot thereafter prove his debt against the bankrupt's estate. Nor will an unaccepted offer to pay a sum smaller than that recovered operate as a "surrender" of the preference, which will entitle him to prove such debt.

In Bankruptcy. On review of decision of referee disallowing claim.

E. W. Hinton, for bankrupt.
George Robertson and Thos. S. Carter, for trustee.

PHILIPS, District Judge. This cause has been certified by John Montgomery, Jr., referee in bankruptcy, to this court for review. The controversy grows out of the disallowance of an account and two notes presented against the bankrupt estate by the Citizens' Bank of Sturgeon. The facts are very fully and clearly stated by the referee.

The essential question to be decided grows out of the following state of facts, briefly stated: Within the four months next preceding the filing of the petition in bankruptcy, while the debtors were insolvent, and with knowledge of that fact on the part of said bank, it obtained possession of the stock of goods, notes, and accounts of the said co-partnership, to satisfy said account and notes. After the appointment of the trustee in bankruptcy, he instituted suit against said bank in the state court for the recovery of the

value of the goods. The petition in that suit was evidently based upon section 60b of the bankrupt act, which, in substance, provides that if the bankrupt shall have given a preference within the four months, and the person receiving it, or to be benefited thereby, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person. The value sued for was $4,000. The answer of the defendant put in issue the allegation of the petition respecting the fraudulent transfer and knowledge of the defendant, and claimed that the value of the property received was only $900. Before filing the answer the bank made a written offer to liquidate the damages at $900, stating that the bank was unable to deliver the goods in kind, for the reason that it had disposed of them. The trustee, claiming that the goods were of much greater value than $900, refused to accept the same, and on a trial of the issues in the state circuit court the trustee recovered judgment in the sum of $1,400.82. Thereafter the bank presented its claims aforesaid, aggregating $1,232.13, for allowance against the estate, claiming that it was entitled to have the same allowed, on the ground that it had surrendered its preference.

That the bank obtained possession of the property of the insolvents in fraud of the bankrupt act, with knowledge of the insolvency of the debtors, and the right of the trustee to avoid the transfer and recover the property, or its value, has passed in rem judicatum by the judgment in the state circuit court, and cannot be questioned in this proceeding. The only important question, therefore, for determination on this review is whether or not a creditor who knowingly receives a preference from a bankrupt, which he is compelled to account for at the end of a lawsuit against him by a trustee in bankruptcy, can then present and have allowed against the bankrupt's estate the debt for the payment of which he took and converted the property of the bankrupt, under circumstances constituting the act a fraudulent preference. In re Schmechel Cloak & Suit Co. (D. C.) 104 Fed. 64, it was said by the court that:

"In such a case, I take it, the creditor thus practicing a fraud upon the bankrupt estate, with or without surrendering his preference, would not be heard to present his claim for the balance against the estate. * * * This was the ruling under section 35 of the bankrupt act of 1867. Bartholow v. Bean, 18 Wall. 635–641, 21 L. Ed. 866."

It was not necessary to the decision of that case to go to the extent of holding that such creditor, even by surrendering his preference, if timely done, could not present his claim for allowance against the estate. But it is the well-settled rule in bankruptcy that where the assignee or trustee is compelled to resort to an action to invalidate and set aside the transaction, and recovers judgment therein, "no subsequent payment of that judgment by the preferred creditors, and no subsequent compliance by him with its terms, can be considered a surrender. By his judgment the trustee has recovered the property. In legal effect, the transferee no longer

has anything to surrender." Coll. Bankr. (3d Ed.) 313, and citations. The offer of the bank to account for $900 was nothing more than an offer of compromise. Such a creditor cannot fix the value of the property which he has received as a preference, and call that an offer of surrender, when it is not accepted by the trustee for the reason that it is of less value than the property received, and compels the trustee to proceed with the litigation to establish the fact that he has offered to surrender less property than he received. From the beginning to the end such creditor is a wrongdoer, and he can only come into court for an allowance against the estate with clean hands, and his hands are not clean, within the meaning and spirit of the bankrupt act, so long as he refuses, voluntarily, to unclasp them, and turn over to the estate all he has wrongfully taken and withheld from it.

The exceptions to the ruling of the referee are overruled.