(96 N. W. Rep. 261.)

---

A. E. CLENDENING, TRUSTEE IN BANKRUPTCY OF THOMAS KLEIN-OGEL, BANKRUPT, *v.* THE RED RIVER VALLEY NATIONAL BANK FARGO.

Opinion filed May 5, 1903.

### Referees in Bankruptcy are Judicial Officers—Adjudication.

1. Under the national bankruptcy act of July 1, 1898, 30 Sta. 544, c. 541 (U. S. Comp. St. 1901, p. 3418), referees in bankruptcy are judicial officers, and their orders made in the course of bankruptcy proceedings, including adjudications upon the allowance or rejection of the claims of creditors, are entitled to the respect and credit due to officers who act judicially.

### State Courts Will Not Review Referee's Decision—Conclusiveness.

2. Section 55b of the bankruptcy act, 30 Stat. 559 (U. S. Comp. St. 1901, p. 3442), makes it the duty of referees in bankruptcy to pass upon the claims of creditors, and either to allow or reject them. Section 57g of said act, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443), provides that claims of creditors who have received preferences shall not be allowed unless such creditors shall surrender their preferences.. It is *held,* in an action prosecuted by a trustee in bankruptcy to recover certain alleged preferences, that the order of the referee permitting the defendant to retain certain alleged preferences, and allowing the defendant's claim for the balance, was an adjudication that the items so permitted to be retained by the defendant were proper set-offs, and they did not constitute preferences. *Held,* further, that the state courts are without authority to review, revise, or reverse this adjudication of the referee. *Held,* further, that under the national bankruptcy act the remedy of the trustee to review said order of allowance lies in the bankruptcy court.

### Referee's Decision Cannot be Impeached by Parol Evidence.

3. The rule is that, so far as the record shows what was adjudicated, it is to that extent conclusive, and cannot be contradicted by parol evidence. It is therefore *held,* in this case, that the testimony of the

referee to the effect that he did not undertake to adjudicate upon the question of the defendant's right to retain the two items in question was inadmissible for the reason that it directly contradicts the necessary legal effect of his written order allowing defendant's claim.

Appeal from District Court, Cass County; *Charles A. Pollock,* J.

Action by A. E. Clendening, trustee of Thomas Kleinogel, bankrupt, against the Red River Valley National Bank of Fargo. Judgment for plaintiff. Defendant appeals.

Reversed.

*David R. Pierce* and *Newton & Smith,* for appellant.

A bank may require written authority from a customer for payment, or transfer of his account, certainly when "subject to check," before it is called upon to make a distribution of it. *Aetna National Bank* v. *Fourth National Bank,* 46 N. Y. 82, p. 88. A bank has a right to select its customers, and was under no obligation to open an account with the plaintiff on his demand. *Thatcher* v. *State Bank,* 15 Sandf. (N. Y.) 121. Payment must be demanded of a bank of deposit before it can be put in default. *Fowler* v. *Bowery Savings Bank,* 113 N. Y. 450, 21 N. E. Rep. 172, and cases cited. Had bank paid to a stranger the rule would be the same. *Davis et al.* v. *Smith,* 12 N. W. Rep. 531. When there is a deposit of money to be kept in specie, the rule is different. Such deposit is a bailment, and any use of it would justify an action for conversion without demand. But a general deposit creates the relation of debtor and creditor between the bank and its depositor, and the former's obligation is to pay only upon a written demand, or check. *Wray* v. *Tuskogee Ins. Co.,* 34 Ala. 58; *Brahm* v. *Adkins,* 77 Ill. 263; *State* v. *Tenn. Coal, etc.,* R. C. 29 S. W. Rep. 121; *Janin* v. *London, etc., Bank,* 92 Cal. 14, 27 Am. St. Rep. 82, 27 Pac. 1100; *Carr* v. *Nat'l Security Bank,* 107 Mass. 45, 9 Am. Rep. 6; *Perley* v. *Muskegon Co.,* 32 Mich. 132, 20 Am. Rep. 627; *Davis* v. *Smith,* 12 N. W. Rep. 531; *Chapman* v. *White,* 6 N. Y. 412, 57 Am. Dec. 464; *Curtis* v. *Levitt,* 15 N. Y. 52; *Aetna Nat'l Bank* v. *Fourth Nat'l Bank,* 74 N. Y. 464; *People* v. *Mechanics Savings Institute,* 92 N. Y. 7; *Fowler* v. *Bowers Savings Bank,* 113 N. Y. 450; *Shipman* v. *State Bank,* 126 N. Y. 318; *Bank* v. *Hughes,* 17 Wend. 100; *Henry* v. *Martin,* 88 Wis. 367, 60 N. W. Rep. 263. Banks of deposit do not undertake to pay without respect to place, but at its banking house when payment is called for. Morse

on Banks, 40; *Watson* v. *Phoenix Bank,* 8 Metc. 217; *Bank* v. *Bank,* 39 Pa. St. 92; *Downes* v. *Phoenix Bank,* 6 Hill. 297. The bank is not in default as a debtor until demand of payment is made. *Downes* v. *Bank,* 6 Hill 297, 16 N. Y. Com. Law, L. Ed. 365; *Payne* v. *Goodner,* 27 N. Y. 262; *Brown* v. *Brown,* 11 N. W. Rep. 64; *Branch* v. *Dawson,* 23 N. W. Rep. 552. Bringing suit is not such a demand, in cases where actual demand is necessary, as constitutes one element of a cause of action. *Downes* v. *Bank,* 6 Hill, 297, 16 N. Y. Com. Law, L. Ed. p. 365; *Payne* v. *Gardner,* 29 N. Y. 146; *Smiley* v. *Fry,* 10 N. Y. 262; *Brown* v. *Brown,* 11 N. W. Rep. 64; *Branch* v. *Dawson,* 23 N. W. Rep. 552. A banker has a lien, at common law, only for indebtedness past due. *Jordan Adm'r* v. *Bank,* 74 N. Y. 467; *Beckwith* v. *Bank,* 9 N. Y. 211; Morse on Banking, (2nd Ed.) 45; *Fourth National Bank of Chicago* v. *The City National Bank of. Grand Rapids,* 68 Ill. 398; *Bank* v. *Bank,* 80 Ill. 212, 22 Am. Rep. 751; *National Bank of the Republic* v. *Millard,* 10 Wall, 152, 19 L. Ed. (U. S.) 897, and note. A bank has an equitable right, like stoppage *in transitu,* over credit given a borrower, who becomes insolvent, upon the proceeds of a note, which it has discounted for him. *Daugherty Bros.* v. *Central National Bank,* 13 Leg. Ns. 2, Pa. cited in Ball on National Banks, p. 109 note 4. The facts are sufficient in equity to warrant a set-off of the items upon the indebtedness evidenced by the notes even before maturity. *Jordan* v. *N. S. & L. Bank,* 74 N. Y. 467, and citations *infra; Clark* v. *Sullivan,* 2 N. D. 103, 55 N. W. Rep. 733; *Bathgate* v. *Hoskins,* 59 N. Y. 533; *Lindsey* v. *Jackson,* 2 Paige Ch. 581, 2 N. Y. Ch. Rep. L. Ed. 1038 and note; *Seligman* v. *Felton,* 43 N. Y. 419; *Smith* v. *Fox,* 48 N. Y. 674; *Cavilli* v. *Allen,* 57 N. Y. 508.

In proving claims against a bankrupt's estate under the Bankrupt Law of 1898, a counter claim shall not be allowed which is not provable against his estate, or was purchased by, or transferred to, him, after the filing of the petition, or within four months before such filing of the claim. Bankrupt Laws of 1898, section 68; Bush on Bankruptcy, 376; *L. Snyder Sons Co.* v. *Armstrong,* 37 Fed. Rep. 18; in re *Dillon,* 10 Fed. Rep. 627; *Rothschild* v. *Mack,* 115 N. Y. 1, 21 N. E. Rep. 726; *N. C. R. M. Co.* v. *St. L. O. & S. Co.,* 152 U. S. 596, 14 Sup. Ct. Rep. 710, 38 L. Ed. (U. S.) 655; *Scott* v. *Armstrong,* 146 U. S. 499, 13 Sup. Ct. Rep. 148, 36 L. Ed. 1059; in re *Meyer,* 107 Fed. Rep. 86; in re *Little,* 110 Fed. Rep. 621. Where the creditor has goods or choses in action, of the bankrupt, put

into his hands before bankruptcy by a valid contract, by the terms of which it will result in a debt, as if they are deposited for sale or collection, the case of mutual credit has arisen within the meaning of the bankrupt law. *Ex. parte Caylus, et al.,* v. *Lowell,* 5 Fed. Cases, 325; *Catlin* v. *Foster,* 3 B. R. 540, S. C. 1 Saw. 37; S. C. 1 L. T. B. 192; *Murray* v. *Riggs,* 15 Johns. 571. The claim may be set-off by the holder, although he has never proved it in bankruptcy, *Tucker* v. *Otley,* 5 Cranch 34, 3 L. Ed. 29 (U. S.); *Winslow* v. *Bliss,* 3 Lans. 220; *Harmonson* v. *Bain, et al.,* 1 Hughes 391, 11 Fed. Cases, 539; *Marks et al.* v. *Baker et al.,* 1 Wash. C. C. 178, S. C. 16, Fed. Cases, 765.

*Turner & Lee,* for respondent.

Claim of title in the defendant makes the demand useless and hence unnecessary. 9 Am. & Eng. Enc. of Law (2d Ed.) 209, and cases cited.

By the bankruptcy proceedings, title to the bank deposit and Lincoln account passed to the creditors of the bankrupt. The law of set-offs does not govern this case, but the law of preference does. *Pirie* v. *Trust Co.,* 182 U. S. 438, 45 L. Ed. 1171; in re *Stoge,* 8 Am. Bank Rep. 621, 116 Fed. Rep. 342; in re *Keller,* 6 Am. Bank Rep. 621, 110 Fed. Rep. 348, same title, 6 Am. Bank Rep. 487; *Swartz* v. *Bank,* 8 Am. Bank Rep. 673, 117 Fed. Rep. —; *Swartz* v. *Seigel,* 8 Am. Bank Rep. 689, 117 Fed. Rep. —; Kleinogel, the bankrupt, had done business up to the day on which he was adjudged bankrupt. His balance on that day, was a fund which the bank had no right to apply upon its unmatured notes. Had the bankrupt given a check upon his deposit to apply on his debt, to the bank, the trustee in bankruptcy could recover the amount in this suit. In re *Lyon,* 114 Fed. Rep. 326; *Traders Nat. Bank* v. *Campbell,* 6 N. B. Rep. 353, 14 Wall 87; in re *Warner,* 5 N. B. Rep. 414; in re *Meyer,* 115 Fed. Rep. 997; in re *Kellar,* 110 Fed. Rep. 348; *Adams* v. *Merchants' Nat. Bank,* 2 Fed. Rep. 174; in re *Black, et al.,* 3 Fed. Cases, 495; in re *Waterbury Fur Co.,* 114 Fed. Rep. 225.

The referee might refuse to allow the claim for any purpose; but it was also proper for him to allow it for the undisputed amount, and leave the trustee to recover the amount of any preference received by the creditor. Bankruptcy Act, section 60b; *Morgan et al.* v. *Mastick,* 17 Fed. Cases, 752; *Fox* v. *Gardner,* 21 Wall 475, 88 U. S. 456, 22 L. Ed. 685; *Forsyth* v. *Merrill et al.* 9 Fed. Cases 464. Lincoln

Bros.' agreement does not amount to a pledge. In re *Sheridan,* 98 Fed. Rep. 406 ; *Lucketts* v. *Townsend,* 49 Am. Dec. 723 and note.

YOUNG, C. J. The plaintiff is the trustee in bankruptcy of Thomas Kleinogel, who was adjudged a voluntary bankrupt by the United States District Court for the Southeastern District of North Dakota on January 2, 1901. This action was instituted in the district court of Cass county on March 28, 1901, to recover from the defendant bank the sum of $817.45, which the trustee claims was due to the bankrupt at the date of filing his petition. This sum consists of two items, which are set forth in the complaint as separate causes of action. The first consists of a balance of $158.43, which the bankrupt had on deposit with the defendant when his petition in bankruptcy was filed. The second cause of action is for the recovery of the sum of $659.02, which the complaint alleges the defendant had theretofore received from Lincoln Bros. for the use and benefit of the bankrupt, which sum the complaint alleges had been paid by said Lincoln Bros. to the defendant upon an account for goods purchased from the bankrupt prior to his insolvency. The complaint further alleges that the defendant is a creditor of the bankrupt, and that "at a meeting of the creditors of said Thomas Kleinogel, bankrupt, duly and regularly held, which said meeting was duly called and presided over by Guy L. Wallace, referee in bankruptcy, and at which said meeting the said defendant was duly represented as a creditor and there proved its claim against said bankrupt, which said claim was allowed by said referee, this plaintiff was duly elected by said creditors as the trustee in bankruptcy of said bankrupt." The defendant, by its answer, denies all indebtedness, and alleges that on the 2d day of January, 1901, Thomas Kleinogel was indebted to it in the sum of $3,000, evidenced by six promissory notes of $500 each ; that on the 2d day of January, 1901, it indorsed and applied the deposit of $158.43 on said indebtedness. In answer to the plaintiff's second cause of action, the defendant alleges that it was agreed between it and the said bankrupt that, when the amount due from Lincoln Bros. on said account should be collected by it, the sum should be applied upon Kleinogel's indebtedness to it ; that said sum has never been collected, and it has not now and never has had the sum of $659.02, or any other sum, belonging to Lincoln Bros., to pay said account. We may state here that the undisputed evidence shows that the defendant also indorsed the amount of the above account upon the bankrupt's notes at or about the time of making the

indorsement of the deposit, and that thereafter it took a note from Lincoln Bros. to it for said sum, which note has not been paid. The case was tried to the court without a jury. Judgment was entered in favor of the plaintiff for the full amount of its demand. Defendant has appealed from the judgment, and demands a trial *de novo* of the entire case in this court.

The plaintiff's contention is that the retention of these two items by the defendant constitutes a preference under section 60a of the national bankrupcty act of July 1, 1898, 30 Stat. 562, c. 541 (U. S. Comp. St. 1901, p. 3445), which reads as follows: "A person shall be deemed to have given a preference if, being insolvent, he has procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of his creditors of the same class;" and that the trustee may recover the same under subdivision "b" of said section, which is as follows: "If a bankrupt shall have given a preference within four months before the filing of a petition or after the filing of a petition and before the adjudication, and the person receiving it or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee and he may recover the property or its value from such person." Further, that authority to maintain his action is also conferred by subdivision 2 of section 47, 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), which makes it the duty of trustees to "collect and reduce to money the property of the estates for which they are trustees, under the direction of the court, and close up the estate as expeditiously as is compatible with the best interests of the parties in interest."

The defendant bank denies that the retention of these items by it constitutes a preference, within the meaning of section 60a, above quoted, and contends that the items which plaintiff seeks to recover and the bankrupt's debts evidenced by his notes, constituted mutual debts and credits, and that it was proper for it and also for the referee to set off these items against the bankrupt's notes, under section 68a of the bankruptcy act, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3450), which provides that "in all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor, the account shall be

stated and one debt shall be set off against the other and the balance only shall be allowed or paid."

We find it unnecessary to decide or express an opinion upon the questions thus presented, for the reason that it appears from the record in this case that they have already been determined by a court of competent jurisdiction, towit, the bankruptcy court having jurisdiction of the estate. The evidence discloses that on the 14th day of January, 1901, and prior to the election of the trustee by the creditors at their first meeting, the defendant presented its proof of claim against the estate, duly verified, which proof, among other things, recited that "said Thomas Kleinogel, the person by whom a petition for adjudication of bankruptcy has been filed, was at and before the filing of said petition, and still is, justly and truly indebted to said corporation in the sum of $2,182.55; that the consideration of said indebtedness is as follows: Money loaned to said bankrupt at various times during the year 1900, as evidenced by six promissory notes, which are hereto annexed, each for the sum of $500, on account of which affiant's said corporation has credited said bankrupt with a balance remaining to his credit on deposit with said corporation the sum of $158.43, and an account amounting to $659.02 for goods sold to W. H. & E. H. Lincoln, but which were charged to said banking corporation, both of which affiant's corporation asks to have declared set-offs to its said claim of $3,000, leaving a balance of $2,182.55 due and unpaid as aforesaid." The proof of claim was allowed by the referee over objections made by the attorney for the bankrupt, and after the examination of several witnesses. The proof of claim bears the following indorsement: "Filed and provisionally allowed at $2,182.55, January 14th, 1903, at 3 p. m. Guy L. Wallace, Referee." In our opinion, the record thus recited discloses an adjudication by the referee of the identical questions which we are asked to pass upon in this case. Under the present national bankruptcy act it is made the duty of the referee to pass upon the allowance and rejection of claims. Section 55b, 30 Stat. 559 (U. S. Comp. St. 1901, p. 3442). This defendant presented its claim, and, as we have seen, fully disclosed in its proof the indorsements thereon which it claimed a right to retain. Objection was made to the allowance of the claim because of these indorsements. If the retention of these items by the defendant gave it a preference, it was the duty of the referee to reject the claim. It could not be allowed. Subdivision "g," section 57, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443), provides

that "the claims of creditors who have received preferences shall not be allowed unless such creditors shall surrender their preferences." There was no surrender, although counsel for the bankrupt insisted before the referee that the items in question constituted preferences. In the face of these objections the referee allowed the claim, and thus necessarily held that the defendant's notes and these items were mutual debts and mutual credits, which should be set off one against the other, and were not preferences. In re *Fixen & Company*, 42 C. C. A. 354, 102 Fed. 295, 50 L. R. A. 605, the court referring to the duty of the referee, said: "Section 57g provides that the claims of creditors who have received preferences shall not be allowed unless such creditors shall surrender their preferences. There is no ambiguity in this provision, and no uncertainty as to its purpose. When a creditor presents a bona fide claim against the bankrupt estate, the question to be determined is, has the creditor received a preference in his dealing with the bankrupt? If he has, the claim cannot be allowed. If he has not, it must be allowed." In the case just referred to, it was determined that a claim could not be allowed where the creditor had received a preference, either innocently or knowingly, without a surrender of such preference. See in re *Forsyth*, 7 Nat. Bankr. Rep. 174, Fed. Cas. No. 4948; in re *Owings* (D. C.) 109 Fed. 623. In this case, as already stated, there was no surrender of any alleged preference. We are bound, therefore, to conclude that the referee, in allowing the claim, held that the defendant was entitled to retain the two items in question as proper offsets, and that they did not constitute a preference, for otherwise he was bound, under subdivision "g" of section 57, *supra*, to reject the claim.

The plaintiff offered the evidence of the referee and of the attorney for the bankrupt, and the same was received in the record over defendant's objection, for the purpose of showing that the referee did not in any way determine the question of the bank's right to retain the offset which it claimed in its proof; and to further show that the word "provisionally" was inserted in the order of allowance after it was made, to show that the referee did not pass upon the merits of the objection made by bankrupt's counsel to the set-offs; and, further, to show that the claim was allowed simply to permit the defendant to vote at the creditors' meeting. This testimony was clearly inadmissible. It is true that parol evidence is admissible to show what was litigated in cases where the record leaves it uncertain; but even then the parol evidence must be consistent with the record, and it can

never be admitted to contradict the record. See Bradner on Evidence (2d Ed.) Sec. 33, and cases cited. Freeman on Judgments,. at section 275, says: "It is important that the evidence offered to explain a record should not contradict it, for it cannot be shown in opposition to the record that a question which appears by it to have been settled was not in fact decided, nor that, while a special cause of action was in issue, a different matter was in truth litigated. In other words, where it appears by the record that a particular issue was determined, all question of fact is excluded, and the court must, as a matter of law, declare such determination to exist and to be conclusive;" citing numerous authorities. In this case, as we have seen, there is no uncertainty upon the record itself as to what the referee determined. The defendant presented its proof of claim, describing the two items which the plaintiff now seeks to recover, and asked "to have them declared set-offs to its said claim of $3,000, leaving a balance of $2,182.55 due and unpaid." The claim was "allowed at $2,182.55" by the referee. The addition of the word "provisionally" in the order is without effect. The referee was bound to either reject it or to allow it. It is not claimed that the addition of the word "provisionally" was equivalent to a rejection. On the contrary, the plaintiff, in his complaint, alleges that the claim was allowed. The contention that the allowance was temporary, and merely to enable the defendant to vote at the creditors' meeting, likewise contradicts. the legal effect of the order of allowance. Under section 56 of the bankruptcy act, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3442), only "creditors whose claims have been allowed" can vote at creditors' meetings. In re *Eagles* (D. C.) 99 Fed. 695; in re *Hill*, Fed. Cas. No. 6481. Necessarily, the claim was given the status of an allowed claim, even according to the oral testimony, and in making the allowance the referee necessarily determined that the retention of the two items which the plaintiff now seeks to recover did not constitute preferences. The order of allowance is conclusive on this point. If the bankrupt, or trustee, or any other creditor, was aggrieved by this. adjudication, they had their remedy in the bankruptcy court. Under General Orders No. 27, 32 C. C. A. xxvii, 91 Fed. xxvii, all orders. of the referee may be brought before the judge for review, and from the decisions of the latter, in cases where the amount of the claim amounts to more than $500, an appeal may be taken to the Circuit Court of Appeals. Section 25a, 30 Stat. 553 (U. S. Comp. St. 1901,. p. 3432). Instead of pursuing this course, the trustee has seen fit to·

institute an independent action in the state courts. Under section 55b of the 1898 Bankruptcy Act, 30 Stat. 559 (U. S. Comp. St. 1901, p. 3442), referees are judicial officers clothed with power to adjudicate in the first instance over the allowance or disallowance of claims presented against the bankrupt's estate, and their findings are entitled to the respect and credit given to officers acting judicially. In re *Covington* (D. C.) 110 Fed. 143; in re *Eagles* (D. C.) 99 Fed. 695. It is unnecessary to say that we have no supervisory or appellate jurisdiction over referees in bankruptcy or over the decisions of courts of bankruptcy.

The question which the plaintiff seeks to have us determine has been judicially determined by a tribunal having jurisdiction, and is therefore binding upon us. *Smith* v. *Walker*, 77 Ga. 289, 3 S. E. 256. Whether the referee intended to decide these questions is not material. As we have seen, they were necessarily involved, and were in fact determined by his adjudication. Whether his decision was right or wrong we need not discuss. It is sufficient for the purpose of this case to say that the question has been adjudicated by the order of allowance made by the referee, and that the same has not been reconsidered by him or reversed by the judge upon a petition for review. If the trustee was dissatisfied with the adjudication made by the referee, he had a speedy remedy in the bankruptcy court upon a petition for review, and also by appeal from the order of the bankruptcy court if adverse to him. What was said by the court in *Wiswall et al.* v. *Campbell et al.*, 93 U. S. 347, 23 L. Ed. 923, in reference to the 1867 Act (Act March 2, 1867, 14 Stat. c. 176), is pertinent here: "Congress, in enacting the bankrupt law, had apparently in view (1) the discharge, under some circumstances, of an honest debtor from legal liability for debts he could not pay; and (2) an early pro rata distribution, according to equity, of his available assets among his several creditors. Prompt action is everywhere required by law. In *Bailey* v. *Glover*, 21 Wall. 346, 22 L. Ed. 638, we said, speaking through Mr. Justice Miller, that: 'It is obviously one of the purposes of the bankrupt law that there should be a speedy distribution of the bankrupt's assets. This is only second in importance to securing equality of distribution. The act is filled with provisions for quick and summary disposal of questions arising in the progress of the case, without regard to usual modes of trial attended by some necessary delay.' * * * Every person submitting himself to the jurisdiction of the bankrupt court in the progress

of the case, for the purpose of having his rights in the estate deter--
mined, makes himself a party to the suit, and is bound by what is·
judicia'lly determined in the legitimate course of the proceedings.  A
creditor who offers proof of his claim, and demands its allowance,.
subjects himself to the dominion of the court, and must abide the·
consequences.  His remedies for the purpose of this proof are pre-
scribed by the law."

It follows, therefore, that the judgment of the district court en--
tered in this case must be reversed, and that court is directed to enter-
an order dismissing the action.  All concur.