PRESTON *v.* NEWCOMB.

1. JUDGMENT—BANKRUPTCY—CONCLUSIVENESS OF PROCEEDINGS—
COLLATERAL ATTACK.

The title of a purchaser at a bankruptcy sale is conclusive
against collateral attack in any other court or proceedings
and cannot be avoided by showing in another court that the
purchaser really took title as trustee for the bankrupt and
not as a good faith purchaser.

2. SAME—PERSONS CONCLUDED.

A creditor of a bankrupt, who was a party to the bankruptcy
proceedings, and recognized the validity thereof and the dis-
charge of his claim, and accepted a note to revive his claim
after the sale in bankruptcy was held, cannot question the
title of a purchaser at the sale.

3. SAME—SUBSEQUENT CREDITORS.

A creditor who becomes such after the conclusion of bank-
ruptcy proceedings against his debtor cannot question the
validity of the sale in bankruptcy nor the title of a purchaser
at such sale.

4. ATTACHMENT—ISSUES—TITLE TO PROPERTY—EVIDENCE—SUF-
FICIENCY.

Where the claimant of property, attached in the possession of
plaintiff's debtor, proves title by purchase at a sale in bank-
ruptcy proceedings against the debtor, and proves by a writ-
ten agreement, the execution of which is not controverted,
that the debtor had possession of the property in recognition
of that title, he is prima facie entitled to the property, in the
absence of evidence that he parted with the title after he ac-
quired it.

5. SAME—EVIDENCE—ADMISSIONS—COMPETENCY.

On the issue of the ownership of property attached in the
hands of plaintiff's debtor, statements of the debtor as to the
title to that and other property and as to the validity of the
claims of the claimant, not made in the presence of the
claimant nor brought to his knowledge, are not competent.

Error to Ionia; Davis, J. Submitted June 18, 1907.
(Docket No. 114.) Decided September 20, 1907.

Assumpsit by Thad B. Preston against Cassius C. Newcomb and Herbert B. Webber for the amount of certain bonds. There was judgment for plaintiff, and defendants bring error. Reversed.

*A. A. Ellis,* for appellants.

*R. A. & W. E. Hawley,* for appellee.

BLAIR, J. This is an action on two bonds given March 10, 1904, under section 733, 1 Comp. Laws, by the defendant Newcomb, as principal, and defendant Webber, as surety, to procure the release of a horse which had been seized upon two separate writs of attachment issued out of justice's court. One of the attachment suits was begun by the plaintiff, Preston, against Joseph T. Webber, the other by the Michigan Clothing Company against the same defendant, both of which suits proceeded to judgment. The condition in each bond was that—

"If in a suit to be brought on this obligation within three months from the date hereof the said Cassius C. Newcomb shall establish that he was the owner of the said above goods and chattels at the time of said seizure; and in case of his failure to do so if the said Cassius C. Newcomb shall pay the value of such goods and chattels with interest to the said plaintiff, then this obligation to be void," etc.

Prior to the institution of this suit, the bond to the Michigan Clothing Company was assigned to the plaintiff, Preston.

The defendants waived the plea of the general issue and claimed the benefit of Cir. Ct. Rule 24 in the opening and closing and the introduction of testimony in the cause. Defendants claimed title to the horse under and by virtue of certain bankruptcy proceedings against Joseph T. Webber in the United States district court for the western district of Michigan, resulting in the final discharge of the bankrupt on February 10, 1903. Upon a regular

149 MICH.—33.

sale of the bankrupt's effects, the horse in question was sold to and, on September 8, 1902, regularly conveyed by bill of sale to the defendant Newcomb, "subject to the encumbrances running to C. C. Newcomb and S. W. Webber & Co."

The indebtedness of Joseph T. Webber to Preston, which was the basis of his attachment suit, was released by Webber's discharge in the bankruptcy proceedings, but was afterwards revived by Webber giving his note therefor, upon which the judgment was rendered. The indebtedness of the bankrupt to the Michigan Clothing Company, upon which its judgment in the attachment cause was based, was incurred after his discharge.

Defendant Newcomb; after proving the bankruptcy proceedings, among other things, put in evidence a written agreement dated September 11, 1902, and signed by C. C. Newcomb and Joe T. Webber, whereby it was agreed that said Webber, on certain terms and conditions, should look after and care for the horse, and the horse was attached in his possession.

The plaintiff put in evidence, against numerous objections, tending to show that no indebtedness really existed between Joseph T. Webber and Newcomb but that Newcomb's notes and mortgages were fraudulent and intended as a cover to protect Webber and he really purchased at the sale in bankruptcy as a trustee for Webber and not as a purchaser in good faith. It was conceded that the decree in bankruptcy could not be questioned, but plaintiff claimed and was granted the right—

"Not only to show what the facts were so far as the possession and handling of the property sold at bankrupt sale to Newcomb subsequent to said sale was concerned, but also to examine into the real bona fides of the alleged indebtedness from Webber to Newcomb under the note and chattel mortgages involved in this cause, not for the purpose of attacking the bankrupt sale but as bearing upon the relations between Webber and Newcomb and as shedding a flood of light upon the dealings between Webber and Newcomb subsequent to said sale."

The court charged the jury, among other things, as follows:

"This court has no power or right to set aside that sale, even if it should discover that fraud had taken place. But if you should discover that there was any fraud, or that the property was disposed of to Newcomb and he taking it in trust for the benefit of Webber, that is a circumstance you may take into consideration together with all the other facts in the case in order to determine whether a year and a half later, in March, 1904, the title was really in him in good faith, or whether he was holding it in trust and the real title in Webber—the property being in his possession—whether it was for the benefit of Webber or not that may be taken as a circumstance."

Plaintiff's counsel were also permitted to show, against defendants' objections, the conduct and statements of Webber, after the sale of the horse, as to the stock of goods and other property as to which there was no evidence that defendant Newcomb had any knowledge whatever. The jury, having found a verdict in favor of plaintiff, defendants have removed the record to this court for review upon numerous assignments of errors.

We are of the opinion that the court erred in permitting evidence to be introduced tending to show fraud in the purchase of the horse at the sale in bankruptcy and that defendant Newcomb really took title as a trustee for Webber and not as a good faith purchaser.

"An adjudication in bankruptcy partakes in part of the nature of a judgment in rem, and in part of the nature of a judgment in personam. With regard to the estate of the bankrupt debtor, which has been by the court's warrant of seizure, or by the surrender of the debtor, brought within the possession and jurisdiction of the court, its orders, decrees and judgments as to the right and title to the property, or as to the disposition of it among the parties interested, are binding upon all persons and in every court. As a determination of the legal status of the bankrupt, or of the relations of the creditors to both, its judgment is conclusive in all courts where it is pleaded." *Abendroth* v. *Van Dolsen*, 131 U. S. 66.

See, also, *Michaels* v. *Post*, 21 Wall. (U. S.) 398; *Sloan* v. *Lewis*, 22 Wall. (U. S.) 157; *Benedict* v. *Smith*, 48 Mich. 593.

The decree of the Federal court was treated by court and counsel as conclusive of the title of Newcomb to the horse under the bill of sale as against collateral attack in any other court or proceedings, but it was sought to avoid the effect of the bankruptcy proceedings by showing that Newcomb's title was obtained by fraud and in reality was not what the record declared it to be. The plaintiff, Preston, was a party to the bankruptcy proceedings and, as to his individual indebtedness, was bound by the adjudication in those proceedings. Furthermore, he recognized the validity of the proceedings and the discharge of his claim and took a note to revive the same after the title to the horse had passed to Newcomb. The indebtedness of the Michigan Clothing Company having entirely accrued after the conclusion of the bankruptcy proceedings, no pre-existing right of such company was affected by the adjudication, and it, therefore, is not in position to call it in question.

Defendant showed an unassailable title, in the first instance, under the bankruptcy proceedings. He further showed, by written agreement, the execution of which was not controverted, that Webber held the horse in recognition of his ownership, and until this showing was met by evidence tending to prove that he had parted with his title after he acquired it, he had sustained the burden of proof upon his part and was entitled to the horse.

Statements of Joseph T. Webber, as to the title to the horse or other property or the validity of defendant's claims, not made in the presence of defendant or brought to his knowledge, were not competent and should not have been received in evidence.

Judgment reversed, and a new trial granted.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.