BRAMBLE *v.* KELLOGG.

1. ATTACHMENT—TRIAL—BOND—EVIDENCE—BURDEN OF PROOF.
    In an action against the principal and sureties on a bond given for the release of certain wheat seized on attachment, where the principal defendant claimed ownership of said wheat under a bill of sale, the burden of proof was on defendants to establish such ownership under the pleadings and also under the condition of the bond.

2. SAME—ORDER OF PROOF—SAVING QUESTION FOR REVIEW.
    Where no definite request was made to the court to control the order of proof, and counsel went into the question of fraud respecting the bill of sale without objection as to order, error may not be assigned thereon.

3. SAME—EVIDENCE—CONTRADICTORY TESTIMONY—DIRECTED VERDICT.
    Where it had not been established conclusively that the principal defendant had the bill of sale when the wheat was seized, or that it was included therein, the trial court

properly refused to direct a verdict for defendants when plaintiff rested.

4. SAME—FRAUD—DIRECTED VERDICT.

Where it was a question for the jury as to whether there was fraud in making the bill of sale, the trial court also properly refused to direct a verdict for defendants at the conclusion of proof.

Error to Calhoun; North (Walter H.), J. Submitted October 17, 1923. (Docket No. 151.) Decided November 13, 1923. Rehearing denied February 1, 1924.

Assumpsit in justice's court by James Bramble against James H. Kellogg and others on a bond. There was judgment for plaintiff, and defendants appealed to the circuit court. Judgment for plaintiff. Defendants bring error. Affirmed.

*Howard W. Cavanagh,* for appellants.

*M. H. Nichols* and *J. M. Hatch,* for appellee.

CLARK, J. Plaintiff Bramble brought attachment in justice's court against Conrad, a share tenant on his farm. Under the writ the officer seized 77 bushels of wheat. James H. Kellogg, claiming the wheat, gave bond for its release as provided by 3 Comp. Laws 1915, § 14343, with his father, A. W. Kellogg, and A. W. Sayre as sureties. The condition of the bond was—

"that if, in a suit to be brought on this obligation within three months from the date hereof, the said James H. Kellogg shall establish that he was the owner of said goods at the time of said seizure, and in case of his failure to do so, if the said James H. Kellogg shall pay the value of said goods and chattels with interest to the said James Bramble, plaintiff, then this obligation to be void, otherwise of force."

Plaintiff commenced this suit in justice's court

225—Mich.—6.

against James H. Kellogg, the principal, and Kellogg and Sayre, the sureties, in the bond, and had judgment. Defendants appealed. The record does not show a declaration by plaintiff in either justice's or circuit court, but it is inferred that the suit was on the bond. Defendants filed a plea of the general issue in the circuit court.

Plaintiff, at the trial in the circuit before a jury, made out a case on the bond, its execution and the value of the wheat at the time of seizure being conceded, but while plaintiff was on the stand it was brought out, principally on cross-examination, that defendant James H. Kellogg had a bill of sale, dated August 22, 1921, from Conrad, covering his one-half interest in "all crops both harvested and still growing, and to be sowed this fall," and cattle, sheep, hogs, poultry and other chattels. The bill of sale was admitted in evidence. Plaintiff rested. Defendants moved for a directed verdict, on the ground that as the record then stood the bill of sale was conclusive on the question of ownership of the wheat. The motion was denied.

On the testimony of witnesses called by defendants and by the plaintiff in rebuttal, the trial judge held there was an issue of fact as to whether the alleged sale of August 22, 1921, was a fraudulent transaction by which those concerned in it were trying to prevent Bramble from collecting from Conrad what he claimed Conrad was owing him, and denied defendants' motion for a directed verdict, renewed at the conclusion of all of the proof. Plaintiff had verdict and judgment. Defendants bring error.

1. Burden of Proof. The issue of fact was the ownership of the wheat at the time it was seized. The burden of proof was on the defendants to establish such ownership. This is agreeable to the condition of the bond. 6 C. J. p. 413; *Goldstein* v. *Gold-*

*man,* 77 App. Div. 356 (77 N. Y. Supp. 699). The burden remained with defendants. If at the conclusion of proof it had been evenly balanced, plaintiff would have been entitled to a verdict.

2. Order of Proof. No definite request was made to the court to control the order of proof. Counsel went into the question of fraud respecting the bill of sale and threshed it out, without objection as to order of proof. It might have been conducive to better order if defendants had waived general issue under Circuit Court Rule No. 42 and had claimed benefit of opening and closing, as was done in *Preston* v. *Newcomb,* 149 Mich. 512.

3. The court was right in refusing, when plaintiff rested, to direct a verdict for defendants. A sufficient reason is that on the confused and contradictory state of the then record it was not established conclusively that defendant Kellogg had the bill of sale when the wheat was seized, nor that the wheat in question was included in the bill of sale.

4. The court was also right in refusing to direct a verdict for defendants at the conclusion of proof. Clearly, whether the alleged sale was fraudulent was a question for the jury.

The most potent evidence of fraud was that the consideration said to have been paid, $500, was grossly inadequate. This, with testimony of the conduct of the parties in handling the property and in selling it, of the relations of the parties, and of knowledge of Conrad's indebtedness, tends to characterize the transaction as fraudulent. We find no reversible error.

Judgment affirmed.

WIEST, C. J., and FELLOWS, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.