26422. GEORGIA SECURITIES COMPANY *v.* ARNOLD.

DECIDED OCTOBER 15, 1937.

*Tolnas & Middlebrooks,* for plaintiff.
*George B. Brooks,* for defendant.

GUERRY, J. On June 7, 1926, E. V. Arnold owned and possessed a certain tract of land, and executed to Mrs. S. E. Maxwell a deed conveying that land to secure a loan of $1500. On Janu-

ary 16, 1933, Arnold filed his petition in bankruptcy, and listed said land as a part of his assets, and Mrs. Maxwell as a creditor holding the security deed for a balance of $250. On November 19, 1928, in the city court of Lexington, the Georgia Securities Company obtained a judgment against Arnold for $609 principal, with interest and costs. On November 26, 1928, execution was issued upon this judgment and entered upon the general execution docket. On January 10, 1933, this execution was levied on the above-described land as property of Arnold. This entry of levy was entered on the general execution docket on February 11, 1933. On February 6, 1933, Mrs. Maxwell filed in Oglethorpe superior court her claim to said property. The Georgia Securities Company, while not listed as a creditor in the original schedule in bankruptcy filed by Arnold, had actual notice of the bankruptcy proceedings on March 20, 1933. On September 25, 1933, the trustee in bankruptcy applied for and obtained an order to sell the equity of redemption of Arnold in said land on October 6, 1933. No sale of the property was made on that date or thereafter by the trustee. On September 27, 1933, Arnold amended his schedule in bankruptcy, listing the Georgia Securities Company as a creditor holding a judgment for approximately $1000 principal, and interest. On September 30, 1933, the Georgia Securities Company made a special appearance in the court of bankruptcy and objected to the amendment of the schedule, on the ground that six months had expired after adjudication; and further objected to the jurisdiction of the court to sell said property, because it was then in the possession of the sheriff of Oglethorpe County by virtue of the levy made thereon on January 10, 1933. This objection was overruled. On October 14, 1933, the Georgia Securities Company, presented to the referee in bankruptcy a petition seeking to set up and establish its judgment as a special lien upon the said land and a general lien upon all property of the bankrupt; and praying that, if the land were sold, its claim attach to and be paid from the proceeds of the sale of the land. On October 18, 1933, the trustee in bankruptcy filed objections to the allowance of this claim in the court of bankruptcy, on the grounds that "said claim was not presented within six months after adjudication as required by statute," and that the "Georgia Securities Company is not entitled to get the aid of this

court in enforcing the lien of its general judgment against said bankrupt, for the reason that said lien is an incident to said debt, and the Georgia Securities Company did not ask the aid of the court of bankruptcy, by claim or otherwise, within six months of bankruptcy and the bankruptcy court has no jurisdiction herein, as the Georgia Securities Company elected not to enter the jurisdiction of the court of bankruptcy and claim any benefits thereunder within six months of the adjudication." On March 18, 1935, the first levy made by the sheriff of Oglethorpe County on January 10, 1933, was dismissed without prejudice. On May 1, 1936, the referee in bankruptcy passed an order on the contentions of the parties in the bankruptcy court, sustaining the objections of the trustee to the proof of the plaintiff's claim.

On December 30, 1936, the Georgia Securities Company paid to the executors of Mrs. Maxwell's estate the balance due on said security deed, and the land was conveyed by quitclaim deed to Arnold, for the purpose of levy and sale. On February 1, 1937, the fi. fa. was again levied upon the property. Arnold interposed his affidavit of illegality, setting up the facts stated above, and contending that "said judgment of the court of bankruptcy constitutes an adjudication of a court of competent jurisdiction that the execution herein mentioned does not constitute a lien or claim against E. V. Arnold or any of the property of E. V. Arnold which was in the custody of the court of bankruptcy at the time of the adjudication." The issue was submitted to the judge without a jury, and he passed the following order: "It is not denied that the attorney of record for this plaintiff had actual notice of the bankruptcy of the defendant in fi. fa., prior to the third Monday in March, 1933, within about 60 days from his adjudication in bankruptcy. Knowledge thus acquired by the attorney under the facts of the case was imputable to the plaintiff in fi. fa. . . No claim was filed by this plaintiff within six months in the court of bankruptcy. The execution involved here is a judgment in personam, and not against any specified property. The same was levied January 10, 1933. The proof of claim in the bankrupt court offered by the plaintiff in fi. fa. alleged, among other things, 'said Georgia Securities Company comes now and proves, sets up, and establishes in the honorable court wherein said bankruptcy matter is pending its lien by virtue of said judgment upon all of

such real and personal property of said bankrupt, and its vested right by virtue of said levy upon the property first described herein, and prays . . that its lien upon said property may be allowed, established, and approved by an order of this court, if said property is to be sold by the trustee in bankruptcy free of liens, the liens to attach to the proceeds.' To the allowance of this claim objections were filed on three grounds, viz.: [Here are set out the objections which we have already noted in this opinion]. There seems to have been several hearings before the referee in bankruptcy upon the issues thus raised; and on May 1, 1936, the referee passed the following order therein: 'The Georgia Securities Company having proffered a proof of claim, claiming a specific lien upon certain real property, and after several hearings upon the trustee's objections to the allowance of same, and the bankrupt having withdrawn his claim for homestead or exemption of personalty, it is ordered that said objections be sustained and said claim disallowed. It appearing that no creditors proved claims in this case, it is ordered that all assets be delivered to the bankrupt upon payment of all costs in the bankruptcy court, and the taxes which have accrued since January 16, 1933.' No exceptions were taken to this order by the plaintiff in fi. fa. The defendant in fi. fa. was discharged in bankruptcy on March 12, 1934. Upon the issues involved in this case, the court finds that this plaintiff in fi. fa. submitted itself to a court of competent jurisdiction, the bankruptcy court wherein the bankruptcy of this defendant was pending; that, upon the issues raised or 'could have been raised under the pleadings,' an adjudication was made which was adverse to the plaintiff in fi. fa., and to which there have been no exceptions filed. This court also holds that the matter thus presented has been formerly adjudicated by a court of competent jurisdiction. Upon the hearing and argument it was contended that the matter here involved 'was not in issue' in the bankrupt court; but this court is of the opinion that whether or not in issue actually, 'under the rules of pleading and evidence, it could have been put in issue.' Whereupon it is considered, ordered, and adjudged by the court, sitting both as judge and jury, that the ground of illegality herein dealt with be and the same is hereby sustained, and the levy made herein be dismissed."

■ From the above statement of facts it appears that the de-

fendant in error filed his petition and was adjudicated a bankrupt. By amendment to his schedule originally filed the plaintiff in error was named as a judgment creditor. Certain objections (which we have set out) urged by the plaintiff in error to the allowance of this amendment were overruled. Thereafter the plaintiff in error filed in the court of bankruptcy a petition seeking to prove its claim, and alleged in part as follows: "Said Georgia Securities Company comes now and proves, sets up, and establishes in the honorable court wherein said bankruptcy matter is pending its lien by virtue of said judgment upon all of such real and personal property of said bankrupt, and its vested right by virtue of said levy upon the property first described herein, and prays (a) that its lien upon said property may be allowed, established, and approved by an order of this court, if the said property is to be sold by the trustee in bankruptcy free of liens, the liens to attach to the proceeds." To the allowance of this claim objections were filed by the trustee, all of which were substantially that the claim was not filed within six months from the date of the adjudication in bankruptcy. The referee in bankruptcy ordered "that said objections be sustained," and disallowed the claim. The trial court held that this judgment, unexcepted to by the plaintiff in error, and unreversed, is res judicata on the issues raised by the affidavit of illegality. We can not so agree. The affidavit of illegality, so far as material to the question now being considered, attacked the judgment and levy upon the ground that "said order of the bankruptcy court disallowing said claim was an adjudication that said execution does not constitute a lien against said property." A court of bankruptcy is a court of general jurisdiction in bankruptcy matters, and its judgments, decrees, and orders possess all the attributes of finality and estoppel accorded to domestic judgments emanating from courts of original general jurisdiction. *Smith* v. *Walker*, 77 *Ga.* 289 (3 S. E. 256); *Logansville Banking Co.* v. *Forrester*, 17 *Ga. App.* 240 (87 S. E. 694); *Cohen* v. *Merdon*, 137 *Ga.* 551 (73 S. E. 749); Abendroth *v.* Van Dolsen, 131 U. S. 66 (9 Sup. Ct. 619, 33 L. ed. 57); Edelstein *v.* U. S. 149 Fed. 636 (9 L. R. A. (N. S.) 236), affirmed, 205 U. S. 543 (27 Sup. Ct. 791, 5 L. ed. 922); Preston *v.* Newcomb, 149 Mich. 512 (113 N. W. 29, 119 Am. St. R. 691). It is declared in the Code, § 110-501, that "A judgment of a

court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." However, it is plain that the validity of the judgment was not and could not have been put in issue under the petition of the plaintiff in error in the bankruptcy court, seeking to prove its claim and establish the judgment as a special lien upon the property of defendant in error, and the objections of the trustee thereto, to wit, that it was not filed in time; and therefore it can not be said, under the above section, that this judgment is res judicata as to such question. This judgment was merely an adjudication that the plaintiff in error had waited too long to seek the aid of the court of bankruptcy to administer his claim. A judgment under such pleadings would no more amount to an adjudication of the merits of the claim or judgment than a judgment sustaining a plea in abatement would be a bar to a subsequent suit for the same cause of action. *Beckwith* v. *Mansfield Lumber & Construction Co.*, 10 *Ga. App.* 346 (73 S. E. 416). As provided in the Code, § 110-503: "A former recovery on grounds purely technical, and where the merits were not and could not have been in question, shall not be a bar to a subsequent action brought so as to avoid the objection fatal to the first. For the former judgment to be a bar, the merits of the case shall have been adjudicated." The fact that the defendant in error or the trustee might have set up such a defense does not make the judgment an estoppel against the plaintiff on that question, if that defense was not actually or necessarily contemplated by the defense actually filed. Therefore we are unable to agree with the learned judge that the judgment of the court of bankruptcy disallowing the claim of the plaintiff in error was res judicata upon the question raised by the affidavit of illegality.

■ Nor are we able to sustain the judgment on the theory that the judgment discharging the bankrupt effected a discharge of the lien of the judgment held by plaintiff in error (which was obtained more than four months before the adjudication), where the property upon which plaintiff in error levied such judgment was owned by the bankrupt, subject to a security deed, at the time of the proceedings in bankruptcy, and where this property

was not sold by the trustee in the administration of the bankrupt's estate, but was returned to the bankrupt. This is true even though the plaintiff in error had actual notice of the bankruptcy proceedings and failed to prove its claim, or had actually proved its claim in the bankruptcy proceedings. A judgment constitutes a general lien upon all the property of the defendant. Code, § 110-507. "The discharge does not operate to cast off good and valid liens given or acquired for the debts, either liens by contract or by legal proceedings, nor to prevent their enforcement. It is purely personal to the bankrupt." Remington on Bankruptcy, § 3449. See *McBride* v. *Gibbs*, 148 *Ga.* 380 (96 S. E. 1004); Bassett *v.* Thackara, 72 N. J. L. 81 (60 Atl. 39); Harry Pinsky & Son Co. *v.* Wike, 101 N. J. Eq. 45 (136 Atl. 920); also cases cited in note 42 L. R. A. (N. S.) 294. It is true that in some of the earlier decisions of the Supreme Court of this State it was held that a discharge in bankruptcy does not affect the lien of a judgment creditor "who does not prove his debt in the bankruptcy court;" these cases beginning with *Jones* v. *Lellyell*, 39 *Ga.* 64, which rulings by a negative pregnant hold that if the judgment creditor does prove his claim that the lien is discharged. However in *McBride* v. *Gibbs*, supra, the court ruled: "A discharge in bankruptcy under the act of 1898, as amended, does not affect the lien of a general judgment nor the lien of a mortgage obtained more than four months prior to the filing of the petition in bankruptcy, relatively to property set apart as exempt under the bankrupt's claim of homestead exemption, although holders of such liens may have proved their claims in bankruptcy." In the opinion Atkinson, J., said: "A discharge of personal liability under section 17(a) of the bankruptcy act of 1898 arises by force of the statute; not from any act of the creditor. A discharge of a lien from property to which it has attached never occurs, but may be satisfied or otherwise lost by the conduct of the creditor. If he proves his claim in bankruptcy, he invites application of the doctrines of waiver and estoppel, and will be concluded by the action of the court of bankruptcy so far as it disposes of property affected by his lien. It is similar to the effect of a sale by a sheriff in virtue of a lien. In such a case the creditor can not again assert his lien on the same property as against the purchaser. It was in this view that the several decisions cited above,

in holding that the discharge extended to personal liability but not to liens which had attached to property of the bankrupt, referred specifically to the fact that the creditor had not proved his claim in bankruptcy. Such references were not necessary to the decisions rendered, and were obiter, as in no instance was the case one in which the creditor had proved his claim in bankruptcy. The dicta on that subject in the cases cited above, since the act of 1898, follow the former decisions under the act of 1867, without noticing the omission of section 21 (relative to waiver · by proof of claims) of the older act from the act of 1898, or the added clause in section 17(a) of the act of 1898, where a provable debt duly scheduled would be discharged, whether or not it was proved in bankruptcy, if the creditor 'had notice or actual knowledge of the proceedings in bankruptcy.' It has never been held in a case where a creditor proved his claim in bankruptcy that the discharge of the bankrupt affected a lien on property which the bankrupt claimed as exempt."

The land upon which the execution was levied in the present case was property owned by the defendant in error at the time of the filing of his petition in bankruptcy, subject to a security deed in favor of Mrs. Maxwell. This property was listed by him in the bankruptcy court, but was not sold by the trustee, and was turned back to the defendant in error because no creditors filed · claims. Upon payment of this security deed by the plaintiff in error, the lien of its judgment attached as of the date it was rendered, and the discharge in bankruptcy is no good reason why it can not be enforced against such property by levy and sale. Therefore the judge erred in sustaining the affidavit of illegality. The remaining headnote does not require elaboration.

*Judgment reversed, with direction. Broyles, C. J., and MacIntyre, J., concur.*