## WILLIAM A. ANNIS, In Equity,

### *vs.*

## HARRY BUTTERFIELD, and others.

### Penobscot.    Opinion September 30, 1904.

*Fraudulent Conveyances.  Assignment.  Action.  Equity.  Demurrer.  Bankruptcy.*
*Bankrupt Act 1898, §§ 67 and 70.   Public Laws, 1877, c. 158,*
*R. S., c. 79, § 6, Clause IX.*

The grantor in a conveyance fraudulent as to creditors was afterwards adjudged a bankrupt.  His trustee in bankruptcy sold and assigned to the plaintiff all the right, title and interest which vested in him as trustee to the premises fraudulently conveyed " together with any right to bring action, at law or in equity, to enforce any claim against said premises which was vested in said trustee in the interest" of the bankrupt's creditors.   The plaintiff was one of the creditors of the bankrupt, and as such, might have maintained proceedings to have the fraudulent conveyance set aside.

In a bill to set aside the fraudulent conveyance brought by the plaintiff as purchaser from the trustee in bankruptcy, there was no allegation that the trustee had ever made entry upon the premises, or had possession thereof, or had ever made any election to avoid the fraudulent conveyance, unless the sale and assignment was such an election, or had taken any steps to contest the title of the fraudulent grantee.   Nor was there any allegation that the plaintiff was in possession when the bill was brought.

*Held;*  1.   That a mere naked right to set aside a fraudulent conveyance is not assignable, and an attempted assignment thereof cannot be enforced.

2.   By force of the U. S. Bankruptcy Act, the title to the lands in question become vested in the trustee.

3.   Whether the conveyance by the trustee under the circumstances recited was a sufficient manifestation of his option to avoid the fraudulent conveyance, *quaere.*

4.   Whether a trustee in bankruptcy can sell estate which had previously been conveyed by the bankrupt in fraud of his creditors, until he has obtained an adjudication of the fraud and reduced the estate to possession, *quaere.*

5.   If the trustee could not give, and the plaintiff did not obtain, title to the premises by the deed, then the deed conveyed only a mere naked right of action to attack the fraudulent conveyance, and that is not enforceable.

6. But if the plaintiff obtained title, he cannot maintain proceedings in equity to have the cloud of the fraudulent conveyance removed, without alleging and proving that he is in possession. If not in possession, he must resort to his remedy at law.

7. The remedy given by R. S., c. 79, § 6, clause IX, by which the court has general jurisdiction in equity to reach and apply in payment of a debt any property or interest conveyed in fraud of creditors, is not applicable in this case; that remedy is limited to creditors. In this bill the plaintiff stands as a purchaser, not as a creditor.

In equity. On appeal by plaintiff. Bill dismissed.

Bill in Equity to set aside a certain conveyance of real estate as fraudulent to creditors.

On demurrer the bill was dismissed by the Presiding Justice below, and the complainant appealed.

The case is stated in the opinion.

*P. H. Gillin and T. B. Towle,* for plaintiff.

We claim that the title to real estate fraudulently conveyed by the debtors vests in the trustee so that he can transfer the title thus vested and the right to have the fraudulent conveyance set aside by proceeding under the Bankruptcy Act.

In the case at bar under the Bankruptcy Act admittedly the Trustee was subrogated to the rights of all the creditors of the bankrupt and furthermore he was vested with the title of all the property of the bankrupt, — vested with that which he had conveyed in fraud of creditors as well as that which they retained in their own name until the time of the bankruptcy, — the Trustee conveyed his right thus vested in him not under and by an assignment, but by a good and sufficient deed describing the property which was fraudulently conveyed; he sold it in the interest of all the creditors of the bankrupt's estate; he gave to the purchaser his title and the title of the creditors as well, whom he represented.

The case of *Gibbs* v. *Thayer*, opinion by Chief Justice Shaw, holding that the purchaser from an assignee can maintain an action in his own name to obtain possession of property sold in fraud of creditors by a bankrupt is distinctly affirmed by our own court in the case of *Dwinel* v. *Perley*, 32 Maine, 197, and that case clearly sets forth the position which the plaintiff in this case takes.

*E. C. Ryder and Louis C. Stearns,* for defendants.

The defendants claim that the demurrer should be sustained: (1) Because if the interest which the plaintiff acquired is an interest in real estate, he can only acquire such interest by virtue of a deed, and there is no allegation in the bill that there was such a deed. (2) Because if the plaintiff is trying to enforce in his own name as purchaser, rights acquired by virtue of a sale and an sssignment by a trustee in bankruptcy of the naked right to set aside a fraudulent conveyance, he cannot do so. (3) Because the plaintiff is not seeking to recover as a creditor, but as a purchaser. (4) Because if he has a remedy, it is at law, the title to the premises having been in the husband; and lastly because the plaintiff acquired no interest which can be enforced in a court of equity.

The rights to property pass to the trustee from the bankrupt under the statute. His title to property is the title of the bankrupt. In addition to any title passing to him from the bankrupt, the statute gives him the same right to have fraudulent conveyances of the bankrupt set aside that creditors had before the adjudication. This is simply a right to bring a bill in equity after he has reduced the debt to a judgment, and either levied upon the real estate and thus acquired a legal seizin, or caused the execution issued upon such judgment to be returned in no part satisfied. He acquires under the statute the mere, naked right, to have a fraudulent conveyance set aside. Such a right is not the subject of sale. Such a right cannot be assigned. Story Eq. § 104, and note. *Prosser* v. *Edmunds,* 1 Younge & Coll. 481, 496 to 499; *DeHogton* v. *Money,* L. R. 2 Ch. App. 164; *Hill* v. *Boyle,* L. R. 4 Eq. Cons. 260; *Brush* v. *Sweet,* 38 Mich. 574–8; *Voorhees* v. *Fresbie,* 25 Mich. 476.

The right to set aside a deed obtained by fraud, under which a grantee is in possession is but a right of action or entry, and is not assignable. *Bailor* v. *Daly,* 7 Makey, 175; *Marshall* v. *Maeins,* 12 Ga. 61, 56 Am. Dec. 444; *Norton* v. *Tuttle,* 60 Ill. 130; *Illinois Land & L. Co.* v. *Speyer,* 138 Ill. 137; *Jones* v. *Babcock,* 15 Mo. App. 149; *Morrison* v. *Deaderick,* 29 Tenn. (Humph.) 342; *Broughton* v. *Smith,* 26 Barb. 635.

The right to reduce to possession property fraudulently cónveyed by the bankrupt passes to the trustee alone. *Glenney* v. *Langdon*, 98 U. S. 20; *Trimble* v. *Woodhead*, 102 U. S. 647; *Moyer* v. *Dewey*, 103 U. S. 301–3; *Re Pitts*, 9 Fed. Rep. 544; *Olney* v. *Tanner*, 10 Fed. Rep. 107; *Olney* v. *Tanner*, 18 Fed. Rep. 637; *Re Lowe*, 19 Fed. Rep. 591.

The object of the bankruptcy law is to secure the equal distribution of the property of the bankrupt. This can be done only through the rights vested in the assignee. If a creditor, for a small consideration, or by collusion with the trustee, can purchase rights to bring suits from the trustee, and then recover in such suits, as this creditor is seeking to do, he thus secures to himself a preference not shared by other creditors, and may not only collect his full debt, but even recover more than his debt, thus profiting by the transaction.

SITTING:  WISWELL, C. J., SAVAGE, POWERS, PEABODY, SPEAR, JJ.

SAVAGE, J.  Bill in equity to set aside a conveyance fraudulent as to creditors. The case comes up on demurrer. The bill alleges that in 1891, Butterfield & Gates, copartners, owned in fee the real estate described in the bill, and in that year conveyed it to Eliza J. Gates, wife of the partner Gates, without any consideration moving from her; that in 1893 Butterfield & Gates became indebted to the plaintiff in the sum of two thousand dollars; that in the summer of 1896 Mrs. Gates erected buildings on this real estate, of the value of four thousand dollars, wholly out of money, labor and materials furnished by the firm of Butterfield & Gates; that prior to and at the time of the conveyance to Mrs. Gates, the firm was in debt to various creditors, and that the conveyance was made in fraud of said creditors; that at the time of the erection of the buildings, as before stated, the firm was also indebted to the plaintiff and others, and put the labor, material and money into the buildings in fraud of their creditors; that Mrs. Gates was conusant of the fraud of the firm; that on March 11, 1899, Butterfield & Gates were individually and as copartners adjudged bankrupts in the U. S. District

Court, and a trustee was duly appointed; that on March 3, 1902, the trustee, for a valuable consideration, "sold and assigned to the complainant all the right, title and interest which vested in him as trustee" to said premises, "together with any right to bring action, at law or in equity, to enforce any claim against said premises which was vested in said trustee in the interest of the creditors of said Butterfield & Gates." There is no allegation in the bill that the trustee ever made any entry upon the real estate in question, or had possession thereof, or took any steps to obtain possession, or to contest the title of Mrs. Gates, or that he ever made any election to avoid the fraudulent conveyance, unless the sale and assignment to the complainant was such an election. Nor does the bill allege that the plaintiff is in possession. The defendants filed a general demurrer which was sustained, and the plaintiff appealed. For the purposes of the present case, the allegations of the bill must be taken as true.

In support of their demurrer, the defendants claim, first, that the plaintiff alleges no title to the real estate in himself. The allegation that the trustee in bankruptcy sold and assigned the property to the plaintiff, it is contended, is not sufficient. But this defect, if it be one, is easily amendable, and we proceed to the consideration of more important questions. The defendants further contend that by the sale and assignment, even though it be in the form of a deed, no right passed to the grantee which he can now enforce. They urge that it was the assignment of a mere naked right to bring an action to set aside the conveyance to Mrs. Gates on the ground of fraud, and that such a right of action is not assignable, and the assignment cannot be enforced, either at law or in equity. This proposition of law is not controverted by the plaintiff. It is conceded that if all that passed to the plaintiff was a mere right of action, the bill cannot be maintained. And such is the law. 2 Story's Equity (15th ed.) 359; *Prosser* v. *Edmunds*, 1 Younge & Coll. 481; *De Hogton* v. *Money*, L. R. 2 Chan. App. 164; *Brush* v. *Sweet*, 38 Mich. 574.

But the plaintiff says that by its terms, the assignment and conveyance was of more than the mere right of action,—namely, that

it was a conveyance of "all the right, title and interest which vested in him as trustee of the estate of Butterfield & Gates" to the premises, and that this conveyance vested the title to the premises in the plaintiff, and gave him the right to maintain an action or bring a bill, whichever might be appropriate, to attack the previous conveyance to Mrs. Gates on the ground of fraud. If the trustee had a title that he could convey, and did convey, to the plaintiff, so that the estate vested in him, we think there is no doubt that the latter would have had the right to maintain proper proceedings to vindicate his title and contest the fraudulent conveyance, whether the right had been expressly granted in the conveyance or not. And the plaintiff's position in brief is this, that this property was conveyed in fraud of creditors; that by the provisions of the United States Bankruptcy Act of 1898, the title to all property conveyed by Butterfield & Gates in fraud of their creditors, vested in the trustee by operation of law; that the trustee had authority by law to sell it; that he did sell it to the plaintiff for a valuable consideration for the benefit of the estate; and therefore that the title to the real estate has come to the plaintiff, and that he is entitled to bring this bill to have the fraudulent conveyance set aside and the cloud upon his title removed.

The United States statute, referred to, in section 70, provides,—

(a) The trustee of the estate of a bankrupt shall be vested by operation of law with the title of the bankrupt to . . . property transferred by him in fraud of his creditors.

(b) Real and personal property shall, when practicable be sold subject to the approval of the court.

(c) The title to property of a bankrupt estate which has been sold as herein provided, shall be conveyed to the purchaser by the trustee.

(e) The trustee may avoid any transfer by a bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value, prior to the date of the adjudication. Such property may

be recovered, or its value collected, from whoever may have received it, except a bona fide holder. for value.

The defendants, however, contend that under these provisions of the bankruptcy act, the trustee acquired no title which was capable of being sold and assigned, until after the trustee had by appropriate legal steps, procured an adjudication setting aside the transfer, or at least until he had reduced it to possession. They claim that under the bankruptcy act, property previously conveyed in fraud of creditors does not vest in the trustee so as to be capable of sale by him until there has been an adjudication setting aside the transfer. They claim that the trustee, and only the trustee, can maintain a bill to procure such an adjudication. They claim further that even if the trustee might convey the estate before an adjudication, he could not do so until after he had, by some act, manifested his option to treat the conveyance as void. Upon this latter point the plaintiff claims that no previous act was necessary, but that the conveyance by the trustee to him was of itself a sufficient declaration of his election to regard the conveyance as void.

It should be noticed that the conveyance sought to be set aside in this case was fraudulent at common law, and not under the provisions of section 67 of the bankruptcy act. It should also be noted that the plaintiff now is seeking to maintain this bill as a purchaser of the property, and not as a creditor. Although he had been a creditor, and before the bankruptcy proceedings were instituted might have maintained proceedings to have the conveyance set aside, yet when the bankruptcy proceedings were instituted, all his rights passed to the trustee, and the power was expressly given by the statute to the trustee to avoid any such transfer. After that the plaintiff as creditor had no rights which he could enforce. All the rights which he now has were obtained by the conveyance, and they are no other or greater rights than any other purchaser would have had. *Glenney* v. *Langdon.* 98 U. S. 20.

The important question, which has been elaborately argued by counsel, is whether a trustee in bankruptcy can sell estate which had previously been conveyed by the bankrupt in fraud of his creditors, until he has obtained an adjudication of the fraud and reduced the

estate to possession. The defendants strenuously urge that under section 70 of the bankrupt act, clause (e), the powers of the trustee are specified,—that is, that he may avoid the transfer, and recover the property so transferred, or its value, from the person to whom it was transferred. And that until he does so, he gets no title which he can convey, and cites authorities to that effect. On the other hand the plaintiff cites authorities to the contrary effect. This question, however, we do not find it necessary at present to decide, nor do we decide whether the conveyance was of itself a sufficient manifestation of his option to avoid the fraudulent conveyance; for there is another point which must be decisive of this case, whatever may be the law in regard to the powers of trustees. It stands in this way. Either the plaintiff obtained title to the premises from the trustee, or he did not. If he did not, then all that the deed conveyed was a naked right to attack the prior conveyance on the ground of fraud, and that, as we have already said, is neither assignable nor enforceable by the assignee. If he did obtain title as he claims he is now the owner, and the fraudulent conveyance to Mrs. Gates constitutes only a cloud upon his title. But he is not in possession, and as we have many times held cannot for this reason maintain the bill. *Robinson* v. *Robinson,* 73 Maine, 170; *Gamage* v. *Harris,* 79 Maine, 531; *Frost* v. *Walls,* 93 Maine, 405.

Nor can the plaintiff be aided by the law, declared in a long line of cases in this state, which gives a creditor the right to attack a fraudulent conveyance, either by judgment and levy and bill, or by bill without judgment and levy. They are not applicable. He is not a creditor. It has, indeed, long been held in this State, that if a debtor at any time has had the legal title to the estate, and after the debt was contracted conveyed it for the purpose of defrauding his creditors, such deed is void. A creditor may levy his execution upon it and then establish the fraud by proceedings in equity. And where the debtor has never had the legal title, but has paid the purchase money and caused the property to be conveyed by the grantor to a third person, whether the deed be regarded as valid or invalid, he has never had any title that could be seized on execution, and a levy is in such case therefore unnecessary, and a bill lies to set aside

the fraudulent conveyance without levy.    But this remedy is limited
to creditors.    The equitable jurisdiction of the court in this respect
was enlarged by chapter 158 of the Public Laws of 1877, Revised
Statutes, Ch. 79, section 6, clause IX, which gave the court general
jurisdiction in bills by creditors to reach and apply in payment of a
debt any property or interest conveyed in fraud of creditors.    Under
that statute it has been held that an equitable proceeding lies gener-
ally to reach property conveyed in fraud of creditors, without prior
judgment and levy at law.    *Brown* v. *Kimball Company*, 84 Maine,
492.    But this statutory equitable remedy is limited to creditors,
and therefore cannot be invoked in this case.    This is the case of a
purchaser, not a creditor.    The plaintiff claims to be an owner striv-
ing to maintain a title which he obtained by purchase, and not a
creditor seeking to obtain a title by legal proceedings.    It has always
been held that an owner cannot maintain a bill to remove a cloud
from his title, unless he both alleges and proves that he is in posses-
sion.    The rule is settled.    It is not the province of equity to try
titles to real estate, and put one party out of possession and another
in.    *Robinson* v. *Robinson*, supra.    The plaintiff has mistaken his
remedy, if he has one,    The entry must be—

*Bill dismissed, with one additional bill of costs.*