P. D. McMahon, Trustee, Appellant, v. HENRY PITHAN, Appellee.

**Fraudulent conveyances:** CHATTEL MORTGAGES. A chattel mortgage securing a much larger sum than that actually due the mortgagee, and executed with specific intent on the part of both the mortgagor and the mortgagee of defrauding other creditors of the mortgagor is fraudulent and void, not only as to the fictitious debt thus secured but also as to the conceded liability to the mortgagee.

**Same:** JUDGMENTS: ORDER IN BANKRUPTCY: CONCLUSIVENESS. A chattel mortgagee made application in bankruptcy proceedings of the mortgagor for an order to proceed against the mortgaged property, and after a contest as to the amount due under the mortgage, no objection to its validity having been made, the referee granted the application. After the estate was closed and the trustee discharged application was made to the bankruptcy court to reopen the matter and to permit suit to recover the mortgaged property sold to the mortgagee on foreclosure, on the ground that the mortgage was fraudulent. *Held* that other creditors were not entitled to sue to recover the property, as this question was concluded by the order of the referee allowing the mortgagee to proceed against the property.

**Same:** BANKRUPTCY: REMEDIES OF CREDITORS. While a trustee in bankruptcy may not pursue property of the bankrupt fraudulently conveyed, this fact will not give a creditor the right to sue in his own name, either before or after bankruptcy proceedings are instituted.

*Appeal from Crawford District Court.*—Hon. M. E. Hutchison, Judge.

Wednesday, June 24, 1914.

Action in equity to have a certain chattel mortgage declared to be fraudulent and void because made to hinder and delay the creditors of the mortgagor, Brown, and to recover the value of the mortgaged property from the defendant mortgagee for the reason that he sold and converted the same to his own use and now holds the same under a pretended foreclosure of his mortgage. Defendant denied the alleged fraud and pleaded a former adjudication of the validity of the mortgage, in the federal District Court, in a voluntary bankruptcy proceeding by Brown. The right of plaintiff to sue was also challenged, and other issues were tendered not necessary to be noticed at this time. The trial court dismissed the petition, and plaintiff appeals.—*Affirmed.*

*Sims & Kuehnle,* for appellant.

*Geo. H. Mayne,* and *S. M. Elwood,* for appellee.

Deemer, J.—On December 17, 1907, Frank H. Brown, who was about to become a tenant upon one of defendant's farms, and who was without means, purchased from him (defendant) certain horses, cattle, and machinery amounting to approximately $1,307. For the purchase price thereof he gave a note to defendant, and at the same time executed another note for the sum of $1,893, which we find was without consideration and made to deceive, delay, and hinder creditors; and at the same time Brown executed and delivered to defendant a chattel mortgage upon practically all his personal property exempt as well as nonexempt. About a year later another mortgage was made covering the same and other after-acquired property to secure the original $1,307 note,

together with another for the sum of $3,593. This latter note was also without consideration and, as we believe, was made to hinder, delay, and defraud other creditors.

On January 15, 1909, Brown, with the knowledge of, if not upon request of, defendant, filed a voluntary petition in bankruptcy in the proper federal court. One Tinker was appointed trustee, and defendant filed a claim in the proceedings for the amount of the original indebtedness of $1,307 only. The trustee filed a report setting aside exempt property to Brown, and on April 30, 1909, defendant filed an application for an order authorizing him to proceed against the property on which he held a mortgage. To this application no objections were raised, as to the validity of the mortgage, and, after a hearing, it was found that, as the mortgage debt was in excess of the property, the application was granted. June 15, 1909, the trustee filed a report showing no property coming into his hands. Prior thereto, however, and on March 17th of the same year, Brown filed a petition for a discharge, to which the creditors objected because Brown had theretofore, and within six years just prior to his then application, been discharged in another proceeding of like character.

On the issue thus raised, the matter was referred to a special master, who recommended that the petition for discharge be denied. The estate was closed and the trustee discharged in July of the year 1909. Pursuant to an order made by the referee in bankruptcy, defendant foreclosed his mortgage on May 15, 1909, and sold all the property covered thereby, except a team of horses and some other exempt property, which he released to Brown, for the aggregate sum of $1;496. Brown continued on the farm until the fall of the year 1909, when he had a settlement with defendant in which he repurchased a good share of the property sold at foreclosure from defendant, who had been the purchaser at the sale.

The nonsecured creditors were generally represented in the bankruptcy proceedings by one Metcalf; and as already observed, no question was made regarding the validity of the mortgage in those proceedings. On the 10th day of July, 1911,

Brown executed a confession of judgment to plaintiff herein, as trustee for several of his unsecured creditors, amounting in the aggregate to the sum of $1,121, and on the same day judgment was rendered thereon against him for the amount acknowledged to be due, with interest.

This action is bottomed upon the judgment by confession rendered on July 17, 1911. Defendant appeared and answered in due course, and thereafter filed a substituted answer, and thereafter, and on April 16, 1912, plaintiff filed a supplemental pleading bringing in another or other holders of confessions of judgment from Brown in favor of all the creditors (save defendant) whose claims were allowed and proved in the bankruptcy proceedings, which were unpaid at the time of the filing of the supplemental petition. This supplemental petition also showed an application in the federal court for an order reopening the bankrupt estate and for leave to prosecute such an action as is here brought in the name of a new trustee, or otherwise, to the end that this plaintiff might have the relief prayed. Upon this application the following findings and order were made:

It appearing to the court from an inspection of said application that such action contemplated by the creditors, if brought, would be for the purpose only of recovering certain assets for distribution among the said creditors for which an action is now pending in the district court of Iowa in and for Crawford county on behalf of the same creditors, and it further appearing to the court from the records herein that said bankrupt estate has been closed and the trustee in bankruptcy discharged and the bankrupt denied his discharge in bankruptcy for more than two years, there is therefore now no occasion to reopen the said bankrupt estate for the purpose of such action. It is therefore ordered that the application herein of these petitioning creditors for an order reopening said bankrupt estate be, and the same is hereby, denied.

This order was not appealed from, and must be regarded as a finality.

Such are the issues and some of the conceded facts down to the time the cause came on for hearing in the district court.

Evidence was adduced upon these issues, and the trial court found in effect that the mortgage was fraudulent to the extent of the debt secured above the original $1,307 in that it was to that extent without consideration and made for the purpose of hindering and delaying the creditors of Brown. It also found, however, that, by reason of the bankruptcy proceedings, plaintiff was not entitled to prosecute this suit; and also that the matter of the validity of the mortgage was determined adversely to the plaintiff, at least to the extent of the $1,307, and that by reason of this finding plaintiff is estopped and foreclosed by the order entered in the bankruptcy proceedings. The appeal is from this decree.

I. We are constrained to hold, under the record before us, that the chattel mortgages were actually fraudulent at the time they were made, because of the fact that, although defendant Pithan was a creditor of Brown to the extent of $1,307, the mortgages were made to secure apparently much greater amounts than were really due, with the specific intent and purpose on the part of both mortgagor and mortgagee, to hinder, delay, and defraud other creditors of the mortgagor, and that in equity the mortgage is invalid, not only as to the fictitious debt secured, but also as to the genuine indebtedness. The defendant actually and actively participated in the fraud, even if he did not suggest it, and in such circumstances he should not be protected, even to the extent of Brown's conceded liability to him. *Richards v. Schreiber*, 98 Iowa, 422, 428; *Taylor v. Wendling*, 66 Iowa, 562; *Lombard v. Dows*, 66 Iowa, 243; *Bussard v. Bullitt*, 95 Iowa, 736.

1. Fraudulent conveyances: chattel mortgages.

II. As Brown was denied a discharge in bankruptcy, the claims now held by plaintiff as trustee under the judgments against him are not discharged, and, if there be any reason why plaintiff may not recover, it must be found in the fact that the matter has already been foreclosed in the bankruptcy proceedings; that plaintiff should have pursued his remedy in the federal court; or that he has not capacity to

2. Same: judgments: order in bankruptcy: conclusiveness.

maintain this action. No attack was made on the sufficiency of the petition or upon the right of plaintiff to recover for conversion of the property, or in trover; and, although much doubt exists as to plaintiff's right to do so, we may, for the purposes of the case, call it an equitable levy upon personal property belonging to Brown, although by a fiction yet in the possession of the defendant. Unless so treated, many difficulties would lie in plaintiff's way which, had proper attack been made, would have to be surmounted. If the bankruptcy proceedings had been abandoned by either the creditors or by Brown, with their consent, we see nothing which would interfere with plaintiff's right to make an equitable levy upon the property, assuming, of course, that it (or perhaps its proceeds) remains in the hands of the defendant; the thought being that it still belongs to Brown, although by fiction of law or otherwise it is yet in defendant's possession.

But we see nothing to indicate that the proceedings were abandoned. They proceeded as far. as they could in the federal court. A trustee was elected and appointed. This trustee qualified by giving bond. Many creditors filed claims which were allowed; among others being that of defendant for the $1,307 and interest, together with another claim for rent. The trustee set off to the bankrupt his exempt property, and his report with reference thereto was approved.

Defendant filed his application for an order authorizing him to proceed against the property on which he held a mortgage, and this was submitted to the referee, and as no objections were raised regarding the validity of the mortgage, and it appeared that applicant's debt was in excess of the value of the property, the application was granted, and defendant was authorized and permitted to proceed as if no bankruptcy proceedings had been instituted. Thereafter the trustee filed a report showing that no property had come into his hands. Before that, however, the bankrupt had asked for his discharge, to which the creditors had objected and their objections were sustained; and on July 9, 1909, the trustee was discharged and

the estate closed. A subsequent application to the federal court, some two years later, for the reopening of the bankruptcy proceedings, was denied, as already indicated. So that it fully appears that the proceedings were not abandoned.

The only remaining question, then, is: What effect should be given these proceedings? Do they amount to an adjudication of plaintiff's rights, or prevent him from maintaining this suit? Plaintiff's rights are no greater than those of the creditors whom he represents. By the appointment of the trustee in bankruptcy, all of the bankrupt's assets passed to him, and he, as we understand it, was entitled to the possession of all the bankrupt's property, and to bring action in the proper court to recover property fraudulently conveyed. The object of the bankruptcy proceedings is to collect all the assets, save such exemptions as are allowed by law, and save as to properly secured claims, to distribute them ratably among the creditors. If these assets be concealed or covered up by fraudulent conveyances, or otherwise, it is the duty of the trustee to discover and uncover the same, and make them available to creditors.

Upon the close of the bankruptcy proceedings, especially if the bankrupt be discharged, the creditors' remedies are at an end, no matter what the form of his assets, unless reopened by proper proceedings in the federal court. The mere fact that the bankrupt is not given a discharge from his debts does not affect the right of his representative or the representative of his estate to sue. Moreover, a hearing upon both secured and unsecured claims before the referee is provided for, and it is within his power to allow or disallow claims of every class, and to authorize secured claimants to take part or all of the assets of the estate under his lien, and to dispose of the same as if no bankruptcy proceedings had been instituted. These powers are judicial in character, and in the exercise thereof the referee's findings are conclusive, unless appeal be taken to the proper courts. It was judicially determined in this case that all the property of the estate, aside from the exemptions,

should be turned over to defendant as a secured creditor, for the reason that it did not exceed the amount of valid liens against it.

Whilst no objections were made to the validity of the mortgage, these might have been interposed, and the attorney for the unsecured creditors did make a contest over the amount of defendant's claim. This latter contest was unavailing, and, no contest having been made over the mortgage, it seems to us that the entire matter is concluded. As supporting these views, see Remington on Bankruptcy, vol. 1, pages 360-1076, 1771, 1772, vol. 2, page 1901; *Coder v. Arts,* 213 U. S. 223 (29 Sup. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008; *Clendenning v. Nat. Bank,* 12 N. D. 51 (94 N. W. 901, 11 Am. Bankr. Rep. 245); *Smith v. Walker,* 77 Ga. 289 (3 S. E. 256); *In re Wilkesbarre Furn. Co.* (D. C.), 130 Fed. 796; section 70, Bankr. Act July 1, 1898, chapter 541 (30 Stat. 565, U. S. Comp. St. 1901, p. 3451); *Mueller v. Nugent,* 184 U. S. 1 (22 Sup. Ct. 269, 46 L. Ed. 405); *Moyer v. Dewey,* 103 U. S. 301 (26 L. Ed. 394); *Trimble v. Woodhead,* 102 U. S. 647 (26 L. Ed. 290); *Acme Co. v. Lumber Co.,* 222 U. S. 300 (32 Sup. Ct. 96, 56 L. Ed. 208); *Ruhl v. Gillespie,* 61 W. Va. 584 (56 S. E. 898, 10 L. R. A. (N. S.) 305, 11 Ann. Cas. 929); *In re Barton* (D. C.), 144 Fed. 541.

Although a trustee may not pursue property of the bankrupt fraudulently conveyed, this does not give to any creditor the right to sue in his own name, either before or after the bankruptcy proceedings are instituted. Remington on Bankruptcy, vol. 3, section 996½; *Ruhl's* case, *supra; In re Barker,* 20 Am. Bankr. Rep. 674.

3. Same: remedies of creditors.

The decree of the district court seems to be correct, and it is —*Affirmed.*

Ladd, C. J., and Weaver, Gaynor, and Withrow, JJ., concur.