MANDERS v. WILSON et al.

(District Court, N. D. California, First Division. September 13, 1915.)

No. 15852.

1. BANKRUPTCY ⊕184(1)—FRAUDULENT CONVEYANCES—RIGHT OF TRUSTEE TO AVOID.

Bankr. Act Cong. July 1, 1898, c. 541, § 70e, 30 Stat. 565 (Comp. St. 1913, § 9654), providing that a trustee may avoid any transfer of property by a bankrupt which any creditor might have avoided, only authorizes the avoidance of transfers which creditors might have avoided under the laws of the state where the transaction occurred.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 275; Dec. Dig. ⊕184(1).]

2. FRAUDULENT CONVEYANCES ⊕154(1)—SETTING ASIDE—FAILURE TO RECORD DEED.

Civ. Code Cal. § 1214, providing that every conveyance of real property other than a lease for not exceeding one year is void against any subsequent purchaser or mortgagee in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the title unless recorded prior to the recording of the notice of action, does not defeat an unrecorded deed in favor of a creditor extending credit on the faith of a debtor's ownership of land.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 485, 486, 490, 491; Dec. Dig. ⊕154(1).]

In Equity. Suit by John E. Manders, trustee in bankruptcy against George H. Wilson and others. On demurrer to the complaint. Demurrer sustained.

Reuben G. Hunt, of San Francisco, Cal., for plaintiff.

Harold L. Levin and H. I. Stafford, both of San Francisco, Cal., for defendants.

DOOLING, District Judge. [1, 2] This is an action by a trustee in bankruptcy to set aside a deed executed and delivered by the bankrupt to the defendants on September 27, 1911, but not recorded until October 23, 1914. There is no fraud alleged in connection with the original execution and delivery of the deed, but it is sought to set it aside upon an allegation that it was withheld from record by the defendants in order not to affect the credit of the grantor, and in order to enable him to extend his credit upon the reputed ownership of the property involved. The complaint also avers that a certain corporation did extend credit to the grantor upon his reputed ownership of the land in question.

Section 70e of the Bankruptcy Act provides that "a trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided," etc. But of course this means "which any creditor might have avoided" under the laws of the state where the transaction occurred. Whatever may be the rule in other states, or at common law, no law, nor any decision, has been called to my attention which would permit the corporation extending credit to the grantor to avoid a deed not otherwise fraudulent in this state,

because of failure to record it. Indeed, it was early held here that failure to record a transfer of real property renders such transfer void only as against subsequent purchasers or incumbrancers in good faith and for value. Section 1214, Civil Code; In re Prow, 4 Cal. 173; Pixley v. Huggins, 15 Cal. 127. Nor does there appear in the complaint the necessary elements of an estoppel, such as would prevent the defendants from asserting title.

The demurrer to the complaint is therefore sustained.