## In re CONTINENTAL COAL CORP.

(Circuit Court of Appeals, Sixth Circuit. December 15, 1916.)

### No. 2930.

1. BANKRUPTCY ⬧⟳18—ADJUDICATIONS—EFFECT OF.

   After the filing of a petition for involuntary bankruptcy, defendant filed a petition in voluntary bankruptcy in another district, and by such court was adjudicated a bankrupt; it not appearing that the second court was notified of the involuntary petition. *Held* that, as the trustee appointed under the involuntary petition would take title as of the date of the filing of the petition, and as the property of the bankrupt by reason of the filing of such petition passed in custodia legis, though actual possession was not taken, the adjudication by the second District Court is not conclusive against the continuance of proceedings under the involuntary petition; the case not falling within Bankr. Act July 1, 1898, c. 541, § 32, 30 Stat. 554 (Comp. St. 1913, § 9616), and General Order No. 6 (89 Fed. v, 32 C. C. A. ix), providing for transfer of proceedings where one or more petitions in bankruptcy are filed in courts having concurrent jurisdiction.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 22; Dec. Dig. ⬧⟳18.]

2. BANKRUPTCY ⬧⟳152—TRUSTEE—TITLE OF.

   The title of the trustee in bankruptcy will relate back and be treated as of the time of the filing of the petition.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 194; Dec. Dig. ⬧⟳152.]

3. BANKRUPTCY ⬧⟳47, 51—PETITION—SECOND PETITION.

   Where, after a petition in involuntary bankruptcy is filed in one district, a petition for voluntary bankruptcy is filed in a second district, notice of the filing of the voluntary petition should be given to the petitioning creditors before proceedings are had thereon, to afford them opportunity to determine the course most likely to conserve the assets of the estate; and, where no such notice is given, it will, the record being silent, be presumed that the court making the adjudication under the voluntary petition was not notified of the filing of the involuntary petition.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 41, 42, 49; Dec. Dig. ⬧⟳47, 51.]

Petition to Revise an Order of the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Petition in the District Court for the Eastern District of Kentucky for involuntary bankruptcy by Roszelle Bros. and others against the Continental Coal Corporation, to which the trustee in voluntary bankruptcy of the defendant in the District Court for the Eastern District of Tennessee and others filed answers. Defendant's motion to stay proceedings were denied (235 Fed. 343), and they petition to revise. Petition denied, and case remanded for further proceedings.

On May 5, 1916, an involuntary petition in bankruptcy was filed in the United States District Court for the Eastern District of Kentucky, by Roszelle Bros. et al., against the Continental Coal Corporation, a citizen of the state of Wyoming (hereinafter called the Corporation), charging it with having committed certain acts of bankruptcy, and that its principal place of business was in the Eastern district of Kentucky, for the greater part of six months

next preceding the filing of said petition. Service of the petition was had on May 8, 1916. On the same day and about two hours after service, the Corporation filed its voluntary petition in bankruptcy, in the United States District Court for the Eastern District of Tennessee, and was adjudicated a bankrupt. Immediately thereafter C. M. Preston was appointed receiver of all the assets of the bankrupt Corporation, accepted the trust, executed bond, and qualified in compliance with the orders of the court. The receiver took possession of the property of the Corporation, both in Tennessee and in Kentucky, and continued in possession thereof until his election as trustee. On May 12, 1916, the Corporation and C. M. Preston, as receiver, filed their sworn answers to the petition of Roszelle Bros. et al., pending in the Eastern district of Kentucky. The Corporation in its answer denied it had its principal place of business in the Eastern district of Kentucky for the greater part of six months next preceding the filing of said petition, denied the acts of bankruptcy charged against it, and pleaded the filing of its voluntary petition in the Eastern district of Tennessee and the adjudication of bankruptcy made thereunder. C. M. Preston, as receiver, denied jurisdiction of the United States Court for the Eastern District of Kentucky, and also pleaded the filing of said voluntary petition in the United States District Court for the Eastern District of Tennessee. Thereupon the Corporation and C. M. Preston, receiver, moved to stay the proceedings under the involuntary petition. On May 20, 1916, the United States District Court for the Eastern District of Kentucky entered an order in the involuntary proceedings, overruling the motions to stay, and directed a reference to a special master, "to hear proof and report to the court as soon as may be his findings on the evidence that may be adduced as to where the principal place of business of the respondent is located." On May 23, 1916, and within the time allowed by law in which to plead to the said involuntary petition, C. M. Preston, who in the meantime had been appointed trustee in the voluntary proceedings in Tennessee, and a committee representing a majority of the indebtedness of the Corporation, filed their answers to the involuntary petition. They denied the acts of bankruptcy charged, denied the jurisdiction of the court, and pleaded the adjudication of bankruptcy under the voluntary petition in the Eastern district of Tennessee, as res adjudicata, as to the location of the principal place of business of the bankrupt, until set aside or reversed in a direct proceeding, and as a bar to the further prosecution of the involuntary petition in the Eastern district of Kentucky, and filed their joint motion to vacate the order entered on May 20, 1916, and to stay the said involuntary proceedings. On August 12, 1916, the District Court entered an order denying said motion to vacate its previous order and stay further proceedings and overruling certain exceptions to the report of the special master.

C. C. Moore and D. L. Grayson, both of Chattanooga, Tenn., for petitioner.

C. L. Williamson, of Lexington, Ky., for respondent.

Before KNAPPEN and DENISON, Circuit Judges, and McCALL, District Judge.

McCALL, District Judge (after stating the facts as above). [1] Under the petition for revision, the question for decision is: Did the court below err, as a matter of law, in denying the motion by petitioners to stay the involuntary proceedings pending in that court?

If it be true that the principal place of business of the Corporation had been in the Eastern district of Kentucky, for a period of six months next preceding the filing of the involuntary petition, then that court would have exclusive jurisdiction of the case; otherwise, it would not have jurisdiction. The petitioners seek to deprive the court of the Eastern district of Kentucky of the right to determine that jurisdic-

tional fact for itself, and for that purpose they assert and show that, after the involuntary petition had been filed in the federal court in Kentucky, and service had, the Corporation filed a voluntary petition in the federal court at Chattanooga, Tenn., and was adjudicated a bankrupt. This action, it is insisted, ex necessitate adjudicated the principal place of business of the Corporation for six months next preceding the date of the filing of the petition to have been in Tennessee, and, the judgment not having been set aside or appealed from, that question is res adjudicata. This, perhaps, would be true, if the petition in involuntary bankruptcy had not been previously filed in the federal court in Kentucky. That having been done, and both courts exercising jurisdiction of the case, it becomes necessary to determine the nature and extent of the jurisdiction of the federal court in Kentucky, upon the filing of the involuntary petition.

In Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405, Mr. Chief Justice Fuller, speaking for the Supreme Court, said:

"It is as true of the present law as it was of that of 1867 that the filing of the petition is a caveat to all the world, and in effect an attachment and injunction (Bank v. Sherman, 101 U. S. 403 [25 L. Ed. 866]); and on adjudication, title to the bankrupt's property became vested in the trustee (sections 70, 21e), with actual or constructive possession, and placed in the custody of the bankruptcy court."

In so far as we are advised, the doctrine of the Nugent Case, supra, has not been materially modified. It is thus clear that the filing of the petition in bankruptcy in the District Court for the Eastern District of Kentucky, and the issuing of process thereon, was an assertion of the jurisdiction of the court over the bankrupt's estate, and gave that court prior jurisdiction over the subject-matter, which jurisdiction was exclusive during the pendency of such proceedings for adjudication. It may be true that the court below did not have actual possession, through its officers, of the property of the bankrupt estate, but it cannot be denied with reason that the court had such possession of the bankrupt estate, as placed it in custodia legis.

In Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 307, 32 Sup. Ct. 96, 56 L. Ed. 208, Mr. Justice Day, speaking for the court, said:

"An attachment of the bankrupt's property after the filing of the petition and before adjudication cannot operate to remove the bankrupt's estate from the jurisdiction of the bankruptcy court for the purpose of administration under the act of Congress. It is the purpose of the bankruptcy law, * * * to place the property of the bankrupt under the control of the court, wherever it is found, with a view to its equal distribution among the creditors. The filing of the petition is an assertion of jurisdiction with a view to the determination of the status of the bankrupt and a settlement and distribution of his estate. The exclusive jurisdiction of the bankruptcy court is so far in rem that the estate is regarded as in custodia legis from the filing of the petition. It is true that under section 70a of the act of 1898 the trustee of the estate, on his appointment and qualification, is vested by operation of law with the title of the bankrupt as of the date he was adjudicated a bankrupt, but there are many provisions of the law which show its purpose to hold the property of the bankrupt intact from the time of the filing of the petition, in order that it may be administered under the law if an adjudication in bankruptcy shall follow the beginning of the proceedings."

[2] The title of the trustee in bankruptcy, appointed under the involuntary proceedings so first begun, would be fixed as of the time of filing the petition. Acme Harvester Co. v. Beekman Lumber Co., supra; Everett v. Judson, 228 U. S. 474, 33 Sup. Ct. 568, 57 L. Ed. 927, 46 L. R. A. (N. S.) 154; Bailey v. Baker Co., 239 U. S. 268, 36 Sup. Ct. 50, 60 L. Ed. 275; Toof v. City National Bank (C. C. A. 6) 206 Fed. 250, 251, 124 C. C. A. 118. And therefore the federal court in Kentucky, upon the filing of the involuntary petition, took such possession of the bankrupt's estate, as placed it in custodia legis, and it had jurisdiction to retain the case to ascertain the facts, for the purpose of determining its own jurisdiction, that question having been raised by the pleadings. Mr. Justice Moody, in speaking for the court in the case of Murphy v. John Hofman Co., 211 U. S. 562, 29 Sup. Ct. 154, 53 L. Ed. 327, said:

"Where a court of competent jurisdiction has taken property into its possession, through its officers, the property is thereby withdrawn from the jurisdiction of all other courts."

And again:

"The jurisdiction in such cases arises out of the possession of the property and is exclusive of the jurisdiction of all other courts, although otherwise the controversy would be cognizable in them."

In that case, the court had the actual possession of the property, through its officers; but we can see no valid reason why the same principle should not apply with equal force, where the possession is merely potential. Orinoco Iron Co. v. Metzel (C. C. A. 6) 230 Fed. 40, 44, 144 C. C. A. 338.

If this were a case of concurrent jurisdiction on the part of the federal courts in Kentucky and Tennessee, then the question would be disposed of under section 32 of the Bankruptcy Act and General Order No. 6 (89 Fed. v, 32 C. C. A. ix); or if the two courts had concurrent jurisdiction, and section 32 and General Order No. 6 did not exist, then it would perhaps be held that the court first acquiring jurisdiction would retain the case for the purpose of adjudging the defendant corporation a bankrupt, and settling and distributing its estate; but here one or the other of these courts has exclusive jurisdiction to entertain this case. The jurisdiction of the federal court in Kentucky first having been asserted on the filing of the involuntary petition, in the absence of any statute or general order in bankruptcy, we think, both upon principle and authority, that the court in which jurisdiction was first asserted took constructive possession of the property of the bankrupt estate, and should retain the case for the purpose of determining the question of its own jurisdiction. Lazarus v. Prentice, 234 U. S. 263, 34 Sup. Ct. 851, 58 L. Ed. 1305; Robertson v. Howard, 229 U. S. 254, 33 Sup. Ct. 854, 57 L. Ed. 1174; Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 32 Sup. Ct. 96, 56 L. Ed. 208; Murphy v. John Hofman Co., 211 U. S. 562, 29 Sup. Ct. 154, 53 L. Ed. 327; Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; Bank v. Sherman, 101 U. S. 403, 25 L. Ed. 866. The cases cited and relied on by the attorneys

for petitioner, in our opinion, are distinguished from the case at bar, and our conclusion is not in conflict with them.

[3] It does not appear that notice of the filing or intention to file the voluntary petition in the federal court in Tennessee was given to the petitioning creditors in the involuntary proceedings pending in the federal court in Kentucky, nor that the pendency of the involuntary proceedings was brought to the attention of the referee in bankruptcy in the Eastern district of Tennessee, who made the adjudication; and we assume, therefore, that the adjudication under the voluntary proceedings was had without the referee's knowledge of the pendency of the involuntary case, or else he would have required such notice, following the holding of this court in International Silver Co. et al., v. New York Jewelry Co. et al., 233 Fed. 945, —— C. C. A. ——, wherein it was said:

"Notice of the filing of the voluntary petition should have been given to the petitioning creditors, and opportunity thus afforded to determine the course most likely to conserve the interests of the estate."

This we think the better practice.

The petition to revise must be denied, with costs, and the case remanded for further proceedings.

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes