(82 South. 172)

NEUBERGER v. FELIS et ux.   (1 Div. 73.)

(Supreme Court of Alabama.   May 15, 1919.)

1. BANKRUPTCY ⚖➝152—TITLE OF TRUSTEE— RELATION BACK.

While the title of a trustee in bankruptcy is only that which exists at the date of adjudication, of necessity such title relates back to the time of filing the petition.

2. BANKRUPTCY ⚖➝146—TITLE OF TRUSTEE —PROPERTY SUBJECT.

Generally, a trustee in bankruptcy takes all the property of the bankrupt, whether in possession or in action at the time the petition was filed, and is not confined to the property that is described in the bankruptcy schedules.

3. BANKRUPTCY ⚖➝142—TITLE OF TRUSTEE —FRAUDULENT TRANSFERS.

In view of Bankruptcy Act, § 70a4 (U. S. Comp. St. § 9654), the trustee takes title to property transferred by the bankrupt to defraud his creditors.

4. BANKRUPTCY ⚖➝185—TITLE OF TRUSTEE— FRAUDULENT TRANSFERS.

Under Bankruptcy Act, § 70e (U. S. Comp. St. § 9654), the trustee may avoid transfers by the bankrupt fraudulent under state statutes when the creditor could have avoided them under such statute.

5. BANKRUPTCY ⚖➝185—TITLE OF TRUSTEE— FRAUDULENT TRANSFERS.

A trustee in bankruptcy is subrogated to the rights of the creditor of the bankrupt and may avoid conveyances which such creditor might have avoided, although such conveyance was executed and delivered beyond the four months' period immediately preceding the adjudication of bankruptcy.

6. BANKRUPTCY ⚖➝185 — RIGHTS OF TRUSTEE—VOIDANCE OF FRAUDULENT CONVEYANCES.

A trustee in bankruptcy alone has the power to sue to set aside a fraudulent conveyance.

7. BANKRUPTCY ⚖➝257—SUIT TO SET ASIDE FRAUDULENT CONVEYANCES — ASSIGNMENT OF CAUSE OF ACTION—POWERS OF TRUSTEE.

In view of Bankruptcy Act, §§ 70a and 70e (U. S. Comp. St. § 9654), authorizing a trustee in bankruptcy to avoid transfers by a bankrupt fraudulent under the state statutes, the trustee has no power to sell and convey such right of action under the state statute to set aside a fraudulent conveyance not executed within the four months' period.

Appeal from Circuit Court, Mobile County; Norville R. Leigh, Jr., Judge.

Bill by Samuel G. Neuberger against Nicholas Felis and wife to set aside a conveyance as a fraud on creditors.   From a decree sustaining demurrers to the bill, complainant appealed.   Affirmed.

Complainant alleges insolvency of Nicholas Felis, the fact of his voluntary bankruptcy,

and the purchase by complainant from the trustee in bankruptcy of the estate of Nicholas Felis of certain property, among which was the house and lot in question; also, the confirmation of the sale by the referee in bankruptcy. The bill further alleges the transfer of the house from the husband to the wife prior to the bankruptcy but within one year thereof. The bill alleges, also, other facts common to a bill to set aside and annul the deed as a fraud on creditors.

R. H. & R. M. Smith, of Mobile, for appellant.

D. B. Cobbs and G. H. Kruempel, both of Mobile, for appellees.

THOMAS, J. The question presented by this appeal is whether a trustee in bankruptcy may sell and convey the right of action, under the state statute, to set aside a fraudulent conveyance not executed within the four months' period.

In Barrett v. Kaigler, 76 South. 320,[1] this court declared that, under the Bankruptcy Act of July 1, 1898, c. 541, § 70, subd. a.(4), 30 Stat. 565 (U. S. Comp. St. 1916, § 9654), the trustee in bankruptcy is vested with the title which the bankrupt had in the property transferred by him in fraud of creditors; that the trustee takes the title and also the right of action of the creditors, and may assail the fraudulent conveyance to the same. extent as the creditor and as though the debtor had not been declared a bankrupt; that such rule applies to all property transferred by the bankrupt at any time in fraud of creditors existing at the time of the bankruptcy; and that it is the duty of the trustee to reduce to possession all of the property of the bankrupt subject to the payment of debts for distribution among creditors. The justice writing said:

"The trustee is vested, not only with the title of the property, but also with the creditors' right of action with respect to the property of the bankrupt theretofore conveyed by him in fraud of such creditors; and the trustee may assail such transfers or conveyances to the same extent as the creditor, as though the debtor had not been declared a bankrupt. In re Rodgers, 125 Fed. 169, 60 C. C. A. 567; In re Butterwick (D. C.) 131 Fed. 371; Thomas v. Roddy et al., 122 App. Div. 851, 107 N. Y. Supp. 473, 476. That a trustee in bankruptcy may sue to set aside a fraudulent conveyance made by the bankrupt more than four months prior to the filing of the bankruptcy petition, 'without showing that some creditor of the bankrupt between the disposition of the property and the filing of the petition in bankruptcy had placed himself in position to attack the fraudulent transfer by obtaining a judgment and issuing execution and having the same returned unsatisfied,' has been declared to be the right of the trustee vested with the title under section 70, 30 Stat. 565 (U. S. Comp. St. 1916, § 9654)." .

In Watson v. Motley, 75 South. 147,[2] it was held that, after a bankrupt has been discharged, he may sue for and recover property not administered, and an attorney who prosecutes such suit and pays over to the bankrupt money received in such litigated action, in the absence of fraud, is not liable for the amount "so paid on estate being reopened."

[1, 2] Pertinent provisions of the Bankruptcy Act are sections 70a, 70e; U. S. Comp. St. 1916, § 9654. Collier on Bankruptcy (11th Ed.) p. 1106 et seq. Speaking generally of the title that vests in the trustee, under the former bankruptcy acts there was doubt as to when such official took title. Under the present act, the insertion of the words "The trustee of the estate of a bankrupt, upon his appointment and qualification, * * * shall * * * be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt," met the former difficulties. Matter of Zotti, 26 Am. Bankr. Rep. 234, 186 Fed. 84, 108 C. C. A. 196, Ann. Cas. 1914A, 240; In re Mertens et al., 142 Fed. 445, 73 C. C. A. 561. While the trustee's title is only that which exists at the date of adjudication, of necessity such title relates back to the time of filing the petition. Everett v. Judson, 228 U. S. 474, 33 Sup. Ct. 568, 57 L. Ed. 927, 46 L. R. A. (N. S.) 154; Toof v. City National Bank, 206 Fed. 250, 124 C. C. A. 118; In re Mertens, supra. Thus was fixed the status of the bankrupt estate as of the time at which the petition was filed, and the property which vested in the trustee at the time of the adjudication was that property which the bankrupt owned at the time of the filing of his petition in bankruptcy. Acme Harvester Co. v. Beekman Lbr. Co., 222 U. S. 300, 32 Sup. Ct. 96, 56 L. Ed. 208; Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 Sup. Ct. 50, 60 L. Ed. 275; In re Continental Coal Corporation, 238 Fed. 113, 151 C. C. A. 189; Everett v. Judson, supra. We may further observe that, by the general rule, the trustee takes all the property of the bankrupt whether in possession or in action at the time the petition was filed (In re Burka [D. C.] 104 Fed. 326; In re Pease, 4 Am. Bankr. Rep. 578), and is not confined to the property that is described in the bankrupt schedules, but extends to any property owned by him and passes to the trustee on adjudication (Jones v. Barnes, 107 Miss. 800, 66 South. 212, 35 Am. Bankr. Rep. 64).

[3] By subdivision 4 of section 70a of the act in question, property transferred in fraud of the bankrupt's creditors passes to the trustee, which is the converse of the doctrine that the trustee takes the title of the bankrupt subject to equities; that is to say, the trustee takes title to property transferred by the bankrupt to defraud his creditors. In re Yukon Woolen Co. (D. C.) 2 Am. Bankr. Rep. 805, 96 Fed. 326; Cowan v. Burchfield (D. C.) 180 Fed. 614; Lovell v. Latham & Co.

[1] 200 Ala. 404.

[2] 201 Ala. 25.

(D. C.) 211 Fed. 374. This is the effect of the act as to all property transferred by the bankrupt at any time in fraud of his creditors. In re Kohler, 159 Fed. 871, 87 C. C. A. 51; Barrett v. Kaigler, supra; Sparks v. Weatherly, 176 Ala. 324, 58 South. 280; Cowan v. Staggs, 178 Ala. 144, 59 South. 153; McCrory v. Donald, 192 Ala. 312, 68 South. 306.

[4, 5] We may say further of transfers that are fraudulent under state statutes that such transfers may be avoided by the trustee, by authority of subdivision e, § 70, of the Bankruptcy Act, when a creditor could have avoided the same under the statute. Barrett v. Kaigler, supra; McMahon v. Pithan, 33 Am. Bankr. Rep. 125, 166 Iowa, 498, 147 N. W. 920; Manning v. Evans (D. C.) 156 Fed. 106. The trustee is subrogated to the rights of the creditor and may avoid conveyances which a creditor may have avoided, although such conveyance was executed and delivered beyond the four months' period immediately preceding the adjudication of bankruptcy. In re Mullen (D. C.) 101 Fed. 413; Manders v. Wilson (D. C.) 230 Fed. 536; Cartwright v. West, 173 Ala. 198, 202, 55 South. 917; Sherrill v. Hutson, 187 Ala. 189, 65 South. 538; McCrory v. Donald, supra.

[6] The trustee alone has the power to exercise this right to sue. This is the rule for the recovery of property transferred fraudulently by the bankrupt and belonging to the trustee; and, on the failure of the trustee to sue, it has been held that the right may not be transferred by him to a creditor. Ruhl-Koblegard Co. v. Gillespie, 22 Am. Bankr. Rep. 643, 61 W. Va. 584, 56 S. E. 898, 10 L. R. A. (N. S.) 305, 11 Ann. Cas. 929; McMahon v. Pithan, 33 Am. Bankr. Rep. 125, 166 Iowa, 498, 147 N. W. 920; In re Barker, 20 Am. Bankr. Rep. 674; 3 Remington on Bankruptcy, § 996½. This is the policy of the act; for it is by virtue of the statute that the trustee represents all of the creditors, and the avails of a suit to recover property fraudulently conveyed belongs to the bankrupt estate for equal distribution among creditors—those of the class to whom it belongs. That is to say, the right of suit for recovery of such fraudulently conveyed property is statutory and conferred on the office of trustee—as an officer of the court—to be exercised in the interest of and for the benefit of the creditors of the bankrupt. Collier on Bankruptcy (11th Ed.) 1917, pp. 722, 723. There is only one case to the contrary, authorizing a sale by a trustee of such a right of action to a creditor, much less to a stranger. In Re Downing (D. C.) 192 Fed. 683, the argument against such transfer was to the foregoing effect, and the conclusion was that a sale by a trustee of such right of action may be ordered. We are unable to reconcile the statement of the rule said to govern in such matters with the conclusion there announced by the district court.

In the case at bar, more than four months before his bankruptcy, the bankrupt conveyed his homestead to his wife, reciting a consideration of $5,000. If it was a fraudulent conveyance, it was the duty of the trustee to subject such property to the claim of the creditors, or rather subject the difference between the exemption allowed by the Alabama statute and the real value of the property at the time of the conveyance. This the trustee in bankruptcy did not undertake to do, but attempted to sell such right of action and to invest the purchaser with the right. If he may not sell the right of action to one of the creditors of the class having a right, claim, or lien in, to, or upon said excess valuation over the exemption, it would follow that the warrant of the statute does not exist in the trustee to sell the right of action for a pittance, or, as for that, for its true value, to a third party purchasing either at public or private sale. Loveland on Bankruptcy, § 149, p. 283. The wife acquired by the conveyance an absolute title to the property, if the conveyance was not fraudulent; and, if so, to the amount of the husband's exemption therein, for no wrong was done any creditor by his conveyance to his wife of such exempt property.

The construction of the bankruptcy statute by our court in Barrett v. Kaigler, supra, in which the expression is used, "the policy of the act is the equal distribution of all the property of the bankrupt among all his creditors entitled thereto. For this purpose the trustee represents all such creditors, and may maintain a bill to set aside a fraudulent transfer, just as any one of such creditors could have done, or just as any creditor could do thereafter in virtue of a right acquired by any process that may be taken by him"—will not permit the avoidance of duty on the part of the trustee to reduce the property to possession and to put it in proper form for distribution among his creditors, nor does this construction authorize a sale by a trustee of such "right of action" to a third party purchasing at a trustee's sale of the bankrupt's property and effects. The right of action in question, as we have observed, is a mere statutory power or right that the trustee alone can exercise. In Cartwright v. West, supra, 173 Ala. 202, 203, 55 South. 918, it is said of such trustees:

"He may, as a general rule, maintain all actions, both at law and in equity, for the recovery and preservation of the assets, both real and personal, of the bankrupt's estate that the bankrupt himself, but for the bankruptcy, could have maintained. Even more, he may maintain an action the bankrupt could not, where, as in the present case, he seeks to avoid conveyances made by the bankrupt in fraud of his creditors. In this latter instance it cannot be said that the trustee is a representative of the bankrupt, for he (the bankrupt) could not maintain such a bill, nor in any legal or equitable

proceeding become a beneficiary of his own fraudulent act."

· Thus our cases tend to support the statement of the text by Mr. Collier in his recent edition on Bankruptcy (1917, p. 722), rather than the construction appellant seeks to impress upon the statute.

A case in point, from the Supreme Court of Maine, is Annis v. Butterfield, 99 Me. 181, 58 Atl. 898. It is conclusively against the right of complainant to maintain his bill as a purchaser at bankrupt sale and not as a creditor of said estate. The justice says:

"The defendants further contend that by the sale and assignment, even though it be in the form of a deed, no right passed to the grantee which he can now enforce. They urge that it was the assignment of a mere naked right to bring an action to set aside the conveyance to Mrs. Gates on the ground of fraud, and that such a right of action is not assignable, and the assignment cannot be enforced, either at law or in equity. This proposition of law is not controverted by the plaintiff. It is conceded that, if all that passed to the plaintiff was a mere right of action, the bill cannot be maintained. And such is the law. 2 Story's Equity (15th Ed.) 359; Prosser v. Edmunds, 1 Younge & Coll. 481; De Hogton v. Money, L. R. 2 Chan. App. 164; Brush v. Sweet, 38 Mich. 574. But the plaintiff says that by its terms the assignment and conveyance was of more than the mere right of action—namely, that it was a conveyance of 'all the right, title, and interest which vested in him as' trustee of the estate of Butterfield & Gates' to the premises; and that this conveyance vested the title to the premises in the plaintiff, and gave him the right to maintain an action or bring a bill, whichever might be appropriate, to attack the previous conveyance to Mrs. Gates on the ground of fraud. If the trustee had a title that he could convey, and did convey, to the plaintiff so that the estate vested in him, we think there is no doubt that the latter would have had the right to maintain proper proceedings to vindicate his title, and contest the fraudulent conveyance or not; and the plaintiff's position, in brief, is this: That this property was conveyed in fraud of creditors; that by the provisions of the United States Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), the title to all property conveyed by Butterfield & Gates in fraud of their creditors vested in the trustee by operation of law; that the trustee had authority by law to sell it; that he did sell it to the plaintiff for a valuable consideration for the benefit of the estate; and therefore that the title to the real estate has come to the plaintiff, and that he is entitled to bring this bill to have the fraudulent conveyance set aside, and the cloud upon his title removed. * * *

"Either the plaintiff obtained title to the premises from the trustee, or he did not. If he did not, then all that the deed conveyed was the naked right to attack the prior conveyance on the ground of fraud, and that, as we have already said, is neither assignable nor enforceable by the assignee. If he did obtain title as he claims, he is now the owner, and the fraudulent conveyance to Mrs. Gates constitutes only a cloud upon his title; but he is not in possession, and, as we have many times held, cannot, for this reason, maintain the bill. Robinson v. Robinson, 73 Me. 170; Gamage v. Harris, 79 Me. 531, 11 Atl. 422; Frost v. Walls, 93 Me. 405, 45 Atl. 287. Nor can the plaintiff be aided by the law, declared in a long line of cases in this state, which gives a creditor the right to attack a fraudulent conveyance. * * * But this statutory equitable remedy is limited to creditors, and therefore cannot be invoked in this case. This is the case of a purchaser, not a creditor. The plaintiff claims to be an owner striving to maintain a title which he obtained by purchase, and not a creditor seeking to obtain a title by legal proceedings. It has always been held that an owner cannot maintain a bill to remove a cloud from his title, unless he both alleges and proves that he is in possession."

[7] There is no warrant for a sale of such right of action, found in either of our recent decisions construing the Bankruptcy Act. Sparks v. Weatherly, supra; Cowan, Trustee, v. Staggs, supra; Leith v. Galloway Coal Co., 189 Ala. 204, 66 South. 149; Wittmeier v. Cranford, 199 Ala. 1, 73 South. 981; Duncan v. Watson, 198 Ala. 180, 73 South. 448; Watson v. Motley, 201 Ala. 25, 75 South. 147; Barrett v. Kaigler, supra.

It follows from the foregoing that the decree of the circuit court must be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.